■ In the Matter of THWAITES PLACE ASSOCIATES, Respondent, v NEW YORK CITY CONCILIATION AND APPEALS BOARD, Appellant, and RENT STABILIZATION ASSOCIATION OF NEW YORK CITY, INC., et al., Respondents. — Judgment, Supreme Court, Bronx County, entered September 17, 1980, granting the petition, vacating the order of the CAB terminating petitioner's membership in the Rent Stabilization Association and remanding the matter to the CAB for a redetermination of an appropriate sanction reversed, on the law, without costs or disbursements, and the petition dismissed. Petitioner, over a seven-month period, failed to comply with both the board's senior citizen rent increase exemption order and a series of renewals directing it within 10 days to refund or credit to a 72-year-old tenant, who supports himself and his wife on an annual income of less than $5,000, previous rent overpayments aggregating $1,020, even after service by the board of repeated notices and warnings. Meanwhile petitioner had applied for and was granted a full credit against his real estate taxes based upon the exemption orders. On the basis of such a record the board terminated petitioner's membership in the Rent Stabilization Association and referred the matter to the Department of Housing Preservation and Development for regulation of the premises under the provisions of the City Rent Control Law. In a subsequent application for reconsideration, petitioner, previously defiant, compounded its contempt for the CAB orders by misrepresenting that it had made the refund prior to the issuance of the expulsion order when, in fact, it had not. Payment was subsequently made. Conceding petitioner's culpability, the gravity of the offense, which it found indicative of "a pattern of disregard", and the board's authority to impose the sanction of expulsion, Special Term nevertheless found the penalty too severe on the ground that the limitations of rent control would subject petitioner to financial ruin. The judgment should be reversed. The Rent Stabilization Law established an essentially voluntary, self-policing system of rent regulation. While affording an owner freedom and flexibility to an extent, it demands, at the same time, a high degree of good faith and diligence in fulfilling obligations under the law. While expulsion may not, in the first instance, have been the sanction we would have imposed, it is, nonetheless, not "so disproportionate to the offense, in the light of all the circumstances, as to be shocking to

one's sense of fairness." *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 233.) Concur — Sullivan, Carro, Silverman and Lynch, JJ.; Kupferman, J. P., dissents for the reasons stated by Bloustein, J.