■ In the Matter of ORIENTAL BOULEVARD Co., Respondent, v NEW YORK CITY CONCILIATION AND APPEALS BOARD, Appellant. — Order of the Supreme Court, New York County (Gabel, J.), entered October 16, 1981, which granted petitioner's motion for reargument and renewal and upon reargument granted the petition for review and vacatur of respondent's determination dated May 1, 1980, to the extent of directing a trial *de novo* to determine specific fact issues pursuant to CPLR 7804 (subd [g]), is unanimously reversed, on the law and facts, with costs, and the application by petitioner is denied and the petition dismissed. Appeal from the order of the Supreme Court, New York County (Gabel, J.), entered January 19, 1982, denying respondent's motion for reargument, is dismissed, without costs, as said order is nonappealable. The respondent Conciliation and Appeals Board (CAB) by its expulsion order, dated May 1, 1980, terminated the petitioner's membership in the Rent Stabilization Association as to one apartment and referred the matter for appropriate proceedings to subject that apartment to rent-control status. Petitioner landlord had been advised by the respondent CAB about water leaks over an extended period of time in the subject apartment. The board's order found that the landlord had failed to abide by two prior orders of the board, directing the restoration of services to the required level by correcting the conditions pertaining to water seepage into the apartment. These orders had been issued over the course of three years. Special Term initially found that the respondent board had a rational basis for the issuance of the expulsion order. Thereafter, however, petitioner moved to renew and reargue. It submitted to the court, for the first time, certain documents and letters, some of which the landlord had failed to submit during the administrative proceeding and were not part of the administrative record. This material, beside being submitted untimely, was not relevant to the issue of whether the board's finding had a rational basis and was supported by the record. The new documentation consisted principally of an engineer's report dated May 12, 1981 (more than a year after the board had issued its expulsion order). The report expressed an "opinion" that repairs had been made "at least one year ago." It did *not* contain any proof that prior to issuance of the expulsion order, any work had been done to correct the leakage condition which still existed as of the board's last inspection of January, 1980. Special Term granted petitioner's motion to reargue and renew, vacated its prior decision upholding the respondent's order, and directed a trial *de novo* before the court to determine factual issues. In so doing, Special Term erred. There was a rational basis supporting the expulsion order, dated May 1, 1980, in the administrative record. That record, including a series of inspection reports, establish that the landlord fails to comply with two prior board orders directing it to correct a condition of leakage and water seepage in the subject apartment. In accordance with the statutory and code provisions authorizing the board to expel a landlord from the Rent Stabilization Association where said landlord fails to comply with a board order, the respondent board's termination of petitioner's membership in the association as to the subject apartment was therefore well within the bounds of administrative discretion (*Matter of Thwaites Place Assoc. v New York City Conciliation & Appeals Bd.*, 81 AD2d 804, affd 54 NY2d 798). Factual issues are to be determined by the respondent administrative agency (*Fresh Meadows Assoc. v Conciliation & Appeals Bd.*, 88 Misc 2d 1003, affd 55 AD2d 559, affd 42 NY2d 925), and where the determination has a rational basis, must be upheld by the courts (*Matter of*

*Pell v Board of Educ.,* 34 NY2d 222, 230-231). Concur — Murphy, P. J., Kupferman, Sandler, Asch and Kassal, JJ.