■ In the Matter of NRK MANAGEMENT, Respondent, v RENT STABILIZATION ASSOCIATION OF THE CITY OF NEW YORK et al., Respondents, and NEW YORK CITY CONCILIATION AND APPEALS BOARD, Appellant. — In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Conciliation and Appeals Board, which fined petitioner $500, expelled it from the Rent Stabilization Association as to the apartment in question and placed the apartment under rent control, the appeal, as limited by the board's brief, is from so much of a judgment of the Supreme Court, Queens County (Hyman, J.), dated August 28, 1981, as reinstated petitioner and the subject apartment under rent stabilization and revoked the fine imposed by the board. Judgment reversed insofar as appealed from, on the law, with $50 costs and disbursements, determination confirmed and proceeding dismissed on the merits. The record reveals that the determination by the New York City Conciliation and Appeals Board was supported by substantial evidence. The petitioner landlord failed to make required repairs so as to prevent further leaks in the ceilings and walls of the apartment in question. After being warned of the consequences of failing to comply with the board's order, a $500 fine was imposed, petitioner was expelled from the Rent Stabilization Association as to the apartment and the apartment was placed under rent control. Such action by the board was not arbitrary or capricious in view of the petitioner's repeated broken promises to remedy the situation (see Matter of Pell v Board of Educ., 34 NY2d 222). Damiani, J. P., Mangano, Thompson and Boyers, JJ., concur.

■ In the Matter of SCOTT R. ROSENBERG et al., Appellants, v BROOKLYN UNION GAS COMPANY, Respondent. — Order of the Supreme Court, Kings County (Spodek, J.), dated August 26, 1982, affirmed, without costs or disbursements. No opinion. The physical examination of the infant plaintiff shall take place at the home of said plaintiff within 30 days after service upon the defendant of a copy of the order to be made hereon, with notice of entry. Damiani, J. P., Mangano, Thompson and Boyers, JJ., concur.

■ In the Matter of VEROLYN SHAWE, Respondent, v ROBERT SHAWE, Appellant. — In proceedings, inter alia, pursuant to articles 4 and 8 of the Family Court Act, the husband purportedly appeals from (1) an order of protection of the Family Court, Nassau County (Friedenberg, J.), dated April 28, 1980, (2) an order of support of the same court (Friedenberg, J.), also dated April 28, 1980, and (3) two orders of the same court (Loewy, J.), dated August 25, 1981 and February 2, 1981, respectively. Appeals dismissed, without costs or disbursements, as improperly perfected. Rather than subpoenaing the original record, appellant has submitted a record on appeal which does not include copies of the orders appealed from, nor of the notices of appeal. Further, although stenographic notes of the proceedings of August 25, 1981 are apparently available, those minutes have not been filed with the court, and apparently have not even been transcribed. Therefore, these appeals must be dismissed as improperly perfected. Damiani, J. P., Mangano, Thompson and Boyers, JJ., concur.