■ In the Matter of GEORGE LOUIE et al., Respondents, v H. DALE HEMMER-DINGER et al., Appellants. — Order and judgment (one paper) of the Supreme Court, New York County (Richard W. Wallach, J.), entered January 13, 1983, granting the petition of the landlord in this CPLR article 78 proceeding and remanding the proceeding to the Conciliation and Appeals Board (CAB) for further proceedings in accordance with the decision of Special Term, reversed, on the law, without costs, the petition dismissed and the determination of the CAB confirmed. ¶ At all times pertinent to this proceeding, petitioner was the owner of premises 335 Wadsworth Avenue, New York City. The building is partially rent stabilized, 11 of the apartments therein being registered with CAB. On March 19, 1980, 19 of the tenants in the premises filed a complaint with CAB charging petitioner with failure to render required services. A copy of the tenants' complaint was served upon petitioners and they were afforded 10 days within which to answer. An answer was interposed which denied generally the merit of the complaint by the tenants. ¶ On March 6, 1981, CAB conducted an inspection of the premises. Seven of the complaints asserted by the tenants were found to have merit. As to two, no inspection could be made. Thereupon CAB issued an order directing petitioners to correct the complaints found to be valid and to submit a certificate of compliance within 10 days after March 30, 1981. No such certificate was forthcoming although petitioners, in response to a telephone call from a staff member of CAB, assured CAB that this would be done. Accordingly, on April 28, 1981, CAB's compliance staff wrote petitioners that they were afforded a final period of five days to come forward with a certificate showing compliance. The letter also indicated that if petitioners failed to show compliance they would be subject to sanctions under sections 7 and 8 of the Code of the Rent Stabilization Association of New York City, Inc. ¶ On May 6, 1981, petitioners submitted a statement enumerating the work which, allegedly, they had already performed and assuring CAB that the remaining items would be completed shortly. A month and a half later, CAB again inspected the premises. The inspection showed that six of the original defects still existed. ¶ On July 2, 1981, CAB issued an order holding that petitioners had forfeited their status as a member in good standing of the Rent Stabilization Association and terminating rent stabilization with respect to the 11 stabilized apartments. ¶ This proceeding was thereafter brought. Special Term was of the opinion that CAB had failed to show "defiance and greedy overreaching which would justify an expulsion order" and remanded the matter back to CAB for further consideration. CAB appealed to this court. We reverse and dismiss the article 78 proceeding. ¶ Initially, we note that during the time which elapsed between the determination by Special Term and the date originally set for argument in this court, petitioners sold the premises to a third party. We adjourned argument of the appeal for one month so that the new owner might come in and be heard. However, no brief was submitted on his behalf nor did he seek to be heard on argument. ¶ "The Rent Stabilization Law established an essentially voluntary, self-policing system of rent regulation. While affording an owner freedom and flexibility to an extent, it demands, at the same time, a high degree of good faith and diligence in fulfilling obligations under the law" (*Matter of Thwaites Place Assoc. v New York City Conciliation & Appeals Bd.*, 81 AD2d 804, affd 54 NY2d 798). The system has been able to maintain itself only by voluntary compliance. Where compliance has not been forthcoming, the imposition of sanctions becomes

necessary. In that regard our function is limited to determining whether the sanction is permitted by law, whether its imposition has a rational basis and whether the sanction imposed is so severe as to be shocking to one's conscience. Given the circumstances here presented, we are impelled to the conclusion that the sanction is legal, that it had a rational basis since the actions of petitioners did not display the required "high degree of good faith and diligence in fulfilling obligations under the law" and that it is not so severe as to be shocking to one's conscience. Concur — Murphy, P. J., Ross, Bloom, Fein and Kassal, JJ.