■ In the Matter of JOCELINE PIERRE, Appellant, v EMANUEL R. POPOLIZIO, Respondent. — In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Conciliation and Appeals Board, dated September 10, 1981, which, *inter alia,* expelled petitioner from the Rent Stabilization Association as to the apartment in question and placed the apartment under rent control, petitioner appeals from a judgment of the Supreme Court, Kings County (Golden, J.), entered June 22, 1983, which dismissed the proceeding on the merits.

Judgment affirmed, with costs.

The record reveals that petitioner, over a seven-month period, failed to comply with two New York City Conciliation and Appeals Board orders directing her to restore services to the

required level by correcting certain conditions, including rotted window frames which permitted air seepage, and to pay a fine in the amount of $285. Although some repairs were made, one half of the original conditions were not satisfactorily remedied months after compliance was due, and the fine was never remitted. After being advised of the consequences of failing to comply with the Board's orders, petitioner was ultimately expelled from the Rent Stabilization Association as to the apartment, the apartment was placed under rent control, and the tenants' rent was reduced to the level in effect prior to the most recent guidelines increase. Such action of the Board was not arbitrary and capricious nor was the penalty so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness (*see, Matter of Louie v Hemmerdinger,* 101 AD2d 792, *revg* NYLJ, May 12, 1982, p 12, col 2; *Matter of NRK Mgt. v Rent Stabilization Assn.,* 92 AD2d 570; *Matter of Oriental Blvd. Co. v New York City Conciliation & Appeals Bd.,* 92 AD2d 470, *affd* 60 NY2d 633; *Matter of Thwaites Place Assoc. v New York City Conciliation & Appeals Bd.,* 81 AD2d 804, *affd* 54 NY2d 798). Mollen, P. J., Titone, Thompson and Bracken, JJ., concur.