■ In the Matter of 230 EAST 52ND STREET ASSOCIATES, Respondent-Appellant, v STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Appellant-Respondent, and WILLIAM DICHTER et al., Intervenors-Respondents.—Judgment, Supreme Court, New York County (Francis N. Pecora, J.), entered May 5, 1986, which, *inter alia,* granted the petition to the extent of annulling and setting aside the order and opinion of respondent's Deputy Commissioner, dated July 29, 1985, which had denied petitioner's application for administrative review and upheld the determination and order of the District Rent Administrator, issued December 28, 1984, insofar as it directed petitioner to reduce rents to the level in effect prior to the most recent guidelines rent increase and to refund to tenants the amount of such decrease, unanimously reversed to the extent appealed from, as limited by the briefs, on the law, respondent's order and determination reinstated, the CPLR article 78 petition denied and the proceeding dismissed, with-

out costs or disbursements. The cross appeal by petitioner is deemed abandoned and is dismissed, without costs.

On February 17, 1984, certain residential tenants in petitioner's rent-stabilized building at 230 East 52nd Street filed a complaint with respondent's predecessor, the Conciliation and Appeals Board (CAB), pursuant to Administrative Code of the City of New York § 26-514 (formerly § YY51-6.0.3), for an order reducing the rents to the level in effect prior to the most recent rent adjustment based upon a decrease in services, namely, that there was no live-in superintendent, inadequate janitorial services, an accumulation of garbage and inadequate heat and hot water. Following an inspection of the premises, the complaint with respect to heat and hot water was withdrawn and, on December 28, 1984, the District Rent Administrator directed the owner to (1) restore those services required; (2) reduce the rent for all tenants who had joined in the proceeding to the level in effect prior to the most recent guidelines increase for each apartment commencing April 1, 1984, and (3) refund to the tenants the amount of such increase. Petitioner's application for administrative review was denied by respondent's Deputy Commissioner, who, on July 29, 1985, upheld the determination and order, whereupon this article 78 proceeding was commenced.

Special Term vacated and annulled so much of respondent's order as directed a reduction in rent, concluding that respondent had no statutory authority to reduce stabilized rent resulting from a decrease in services since the tenants' complaint was filed prior to April 1, 1984, which the court assumed was the effective date of the Omnibus Housing Act of 1983 [L 1983, ch 403]. This was error. Section YY51-6.0.3 was enacted in 1974 (L 1974, ch 576, § 12) and was amended effective June 30, 1983 (L 1983, ch 403, § 13). The April 1, 1984 date in the code provision is expressly provided as the date for the transfer of the rent regulation function from the CAB, respondent's predecessor, to the State Division of Housing and Community Renewal and, clearly, was not intended as a limitation on respondent's powers to direct a reduction in rent where, as here, the owner failed to maintain required services.

It is well recognized that it is for the administrative agency to determine what constitutes a required service and whether such services have been maintained (*Fresh Meadows Assocs. v Conciliation & Appeals Bd.,* 88 Misc 2d 1003, *affd* 55 AD2d 559, *affd* 42 NY2d 925). Plainly, these are factual matters and

the agency's determination must be upheld in the absence of finding that the administrative determination was arbitrary, capricious or irrational. As applied here, the record is overwhelming that necessary services were not maintained. Thus, there was a rational basis for the administrative determination.

Petitioner's inclusion in its points on appeal, as an appendix, of additional factual matter dehors the record at page A-6, which was not before the agency when the administrative determination was rendered, is improper and the matter is stricken (see, Matter of Fanelli v New York City Conciliation & Appeals Bd., 90 AD2d 756, affd 58 NY2d 952). Concur—Kupferman, J. P., Sullivan, Kassal, Ellerin and Wallach, JJ.