■ In the Matter of EMPRESS MANOR APARTMENTS, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Division of Housing and Community Renewal, dated January 30, 1987, which found that the petitioner failed to maintain required services, directed that the services be restored and ordered a reduction in rent, the petitioner Empress Manor Apartments appeals from a judgment of the Supreme Court, Kings County (Vinik, J.), dated July 29, 1987 which dismissed the petition.

Ordered that the judgment is affirmed, with costs.

The principal issue raised by the petitioner is whether it was denied due process of law by the failure of the respondent New York State Division of Housing and Community Renewal (hereinafter DHCR) to apprise it of the evidence against it and

its potential liability for a rent reduction. The petitioner maintains that it was entitled to receive the results of DHCR's inspection reports prior to the determination. We disagree. Nothing in Administrative Code of the City of New York § 26-501 *et seq.* requires the DHCR to forward copies of its inspection reports. The petitioner was fully informed of the allegations in the tenants' complaint and chose not to diligently contest them. The inspection reports merely confirmed some of the allegations in the complaint. As a consequence, it cannot be said that the petitioner was denied due process of law *(cf., Matter of Simpson v Wolansky,* 38 NY2d 391).

Nor was the petitioner denied due process by DHCR's purported failure to notify it of its potential liability for a rent reduction. Administrative Code of the City of New York § 26-514 provides in pertinent part that: "In addition to any other remedy afforded by law, any tenant may apply to the state division of housing and community renewal, for a reduction in the rent to the level in effect prior to its most recent adjustment and for an order requiring services to be maintained as provided in this section, and the commissioner shall so reduce the rent if it is found that the owner has failed to maintain such services". The DHCR noted that nothing in the section precluded the tenant from requesting a rent reduction at a date subsequent to the date of filing of a complaint of a decrease of service. Generally, "the construction given statutes and regulations by the agency responsible for their administration, if not irrational or unreasonable, should be upheld" *(Matter of Howard v Wyman,* 28 NY2d 434, 438; *Matter of Salvati v Eimicke,* 72 NY2d 784; *Matter of Bambeck v State Div. of Hous. & Community Renewal,* 129 AD2d 51, 56, *lv denied* 70 NY2d 615). Since this section requires a rent reduction upon a finding of a diminution of a required service *(see, Matter of Hyde Park Gardens v State of N. Y., Div. of Hous. & Community Renewal,* 140 AD2d 351, 352, *lv denied* 72 NY2d 809) it cannot be gainsaid that the agency's construction was rational.

We have examined the petitioner's remaining contentions and find them to be either unpreserved for appellate review *(see, Matter of 230 E. 52nd St. Assocs. v State Div. of Hous. & Community Renewal,* 131 AD2d 349) or without merit. Mangano, J. P., Brown, Eiber and Harwood, JJ., concur.