■ In the Matter of MORRIS RUBIN, Appellant, v WILLIAM EIMICKE, as Commissioner of the New York State Division of Housing and Community Renewal, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Division of Housing and Community Renewal, dated May 15, 1987, which, *inter alia,* directed a reduction in the rent payable for rent-stabilized apartments, the petitioner Morris Rubin appeals from a judgment of the Supreme Court, Kings County (Shaw, J.), entered February 22, 1988, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The principal issues raised by the petitioner are that he was denied due process of law by the failure of the respondent New York State Division of Housing and Community Renewal

(hereinafter DHCR) to hold an evidentiary hearing and that the determination did not have a rational basis. The petitioner contends that the DHCR's findings fail to meet the threshold definitional requirements of reduced services and that due process mandates a hearing and notice of inspection in order to make a rational decision. We disagree. Nothing in the Administrative Code of the City of New York § 26-514 requires the DHCR Commissioner to hold a hearing. In the absence of such a mandate, all that due process requires is that reasonable notice be afforded to the parties to a proceeding and that they have an opportunity to present their objection *(Pringle v Herman,* 465 F Supp 643; *Lamp v Joy,* 57 AD2d 547). In the instant proceeding, the petitioner was given notice and an opportunity to be heard. He received a copy of the tenants' complaint and served an answer. Moreover, the record reveals that in response to the District Rent Administrator's order of September 6, 1985, the petitioner advised that he had remedied the situation in compliance with that order. Thus, the record indicates that the petitioner was aware of the proceedings initiated against him and was given an opportunity to present his objection. In addition, the petitioner was not entitled to receive notice of DHCR inspections prior to the issuance of a finding of fact *(see generally,* 9 NYCRR 2527.5 [c]; *Cohen v State of New York Div. of Hous. & Community Renewal,* 131 AD2d 808). The inspections in question merely substantiated certain allegations of the tenants' complaint. Since the petitioner was served with a copy of the complaint, he had notice of all the alleged deficiencies and, having refuted them in his answering papers, he cannot successfully claim that he was denied due process *(see, Mathews v Eldridge,* 424 US 319; *Matter of Vector E. Realty Corp. v Abrams,* 89 AD2d 453, 456).

The petitioner's contention that the finding of cracked windowpanes was de minimis and therefore did not provide a rational basis for the Commissioner's determination is not persuasive. The purpose and policy of the rent laws is to tie rent increases to the owner's maintenance of services in order to maintain the quality and quantity of housing available to the citizens of New York. This includes the repair and maintenance of windows in the public areas of apartment houses. Moreover, it is for the administrative agency to determine what constitutes a required service and whether that service has been maintained *(see, Matter of Oriental Blvd. Co. v New York City Conciliation & Appeals Bd.,* 92 AD2d 470, *affd* 60 NY2d 633; *Matter of 230 E. 52nd St. Assocs. v State Div. of*

*Hous. & Community Renewal,* 131 AD2d 349). Under the circumstances, it cannot be said that the agency's determination did not have a rational basis, since the condition existed for a year after the original notice, during which period three inspections were made.

We have examined the petitioner's remaining contentions and find them to be without merit. Mangano, J. P., Thompson, Eiber and Spatt, JJ., concur.