■ In the Matter of KINGSWOOD MANAGEMENT CORP., Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Division of Housing and Community Renewal, dated August 10, 1987, which, *inter alia,* directed a reduction in the rent payable for certain rent-stabilized apartments, the petitioner Kingswood Management Corp. appeals from a judgment of the Supreme Court, Queens County (Le-Vine, J.), dated June 20, 1989, which confirmed the determination and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

On February 12, 1986, certain residential tenants filed a complaint against the landlord of the subject premises. Following inspections of the premises, by order dated August 10, 1987, the respondent New York State Division of Housing and Community Renewal ordered a building-wide rent reduction based on the landlord's failure to maintain required services, i.e., the basement windows were broken and the tenants' storage space had been reduced.

We find that the respondent's determination is supported by a rational basis in the record and is in accord with applicable law. Accordingly, the determination was properly confirmed (see, *Matter of Rubin v Eimicke,* 150 AD2d 697; *Matter of Empress Manor Apts. v New York State Div. of Hous. & Community Renewal,* 147 AD2d 642). Furthermore, under the circumstances presented, the petitioner was not denied administrative due process because it was not notified of the respondent's inspection of the subject premises (see, *Matter of Albert v Eimicke,* 151 AD2d 746; *Matter of Empress Manor Apts. v New York State Div. of Hous. & Community Renewal, supra).*

We do not reach the petitioner's contention that it was denied administrative due process because the tenants' complaint was not served upon it, although it is conceded that the complaint was served on the petitioner's predecessor in interest. The issue was not raised before the Supreme Court and may not be considered for the first time on appeal (see, *Schoonmaker v State of New York,* 94 AD2d 741). Balletta, J. P., Miller, O'Brien and Ritter, JJ., concur.