■ In the Matter of TERESA STAVISKY, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [611 NYS2d 634] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Division of Housing and Community Renewal, dated January 11, 1991, which, *inter alia,* directed a reduction in the rent payable for certain rent-controlled apartments, the petitioner appeals from a judgment of the Supreme Court, Kings County (Garry, J.), dated December 20, 1991, which confirmed the determination and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Contrary to the petitioner's contention, we find that the respondent's physical inspection of the subject premises,

which confirmed the allegations contained in the tenant complaint, constituted a rational basis for the determination reducing the rent payable in certain rent-controlled apartments *(see, Matter of Kingswood Mgt. Corp. v New York State Div. of Hous. & Community Renewal,* 168 AD2d 450, 451; *Matter of Rubin v Eimicke,* 150 AD2d 697, 699). Furthermore, the petitioner was not denied due process by virtue of the fact that she had not received notice of the respondent's physical inspection of the premises. Similarly, due process did not require that the respondent hold an evidentiary hearing prior to rendering its determination. Indeed, all that due process required was that the petitioner be afforded reasonable notice of the administrative proceeding and an opportunity to present her objections *(see, Matter of Rubin v Eimicke, supra).* Since the petitioner was afforded notice of the administrative proceeding and received administrative review of her objections, she cannot successfully claim to have been denied due process.

The petitioner's remaining contentions are without merit. Thompson, J. P., Sullivan, Ritter and Friedmann, JJ., concur.