■ In the Matter of ARTHUR SHERMAN, Respondent, v COMMISSIONER, NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Appellant. [620 NYS2d 474] —In a proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the New York State Division of Housing and Community Renewal dated August 27, 1992, which denied the

petitioner's application to increase rents, the appeal is from a judgment of the Supreme Court, Kings County (Krausman, J.), dated February 5, 1993, which, *inter alia,* granted the petition and vacated the determination.

Ordered that the judgment is reversed, on the law, with costs, the determination is confirmed, and the proceeding is dismissed.

Based upon its conclusion that certain tenants of the petitioner's building were receiving decreased services, the New York State Division of Housing and Community Renewal (hereinafter the DHCR) issued an order reducing the rent of those tenants. Asserting that he had restored the services, the petitioner applied to the DHCR to increase the rents. A DHCR inspector went to the building to verify that the services had been restored. He could not gain entry to the building and, by letter, he notified the petitioner of the date and time of the next inspection. No one was available on that date and at that time to allow the inspector into the building. Accordingly, the DHCR denied the petitioner's application to increase the rents, without prejudice to his right to reapply at a time when he could arrange for access to the premises. The petitioner, arguing that he was available on the date of the second attempted inspection, commenced this proceeding to annul the DHCR's determination. The Supreme Court granted the petition and vacated the determination reducing the rents. The court also ordered that the matter "be renewed before the [DHCR] upon a proper inspection of the premises". The DHCR now appeals.

It is well established that "it is for the [DHCR] to determine what constitutes a required service and whether that service has been maintained" *(Matter of Rubin v Eimicke,* 150 AD2d 697, 698; *see also, Matter of Oriental Blvd. Co. v New York City Conciliation & Appeals Bd.,* 92 AD2d 470, *affd* 60 NY2d 633). In making such a determination, the DHCR is entitled to rely upon the reports of its inspectors *(see, Matter of Howard-Carol Tenants' Assn. v New York City Conciliation & Appeals Bd.,* 64 AD2d 546, *affd* 48 NY2d 768; *Matter of Aguayo v New York State Div. of Hous. & Community Renewal,* 150 AD2d 565, 566).

Here, on two separate occasions, the inspector could not gain access to the premises, even though, with respect to the second attempted visit, the petitioner had been given prior written notice of the date and time of the inspection. Thus, based upon the inspector's report that he could not view the

premises, and the tenants' statements that services had not been restored, the DHCR properly denied the petitioner's application to increase the rents. In this respect, it is also significant to note that the petitioner failed to present any documentary evidence supporting his claim that the repairs had been made. Accordingly, there was a rational basis to support the determination of the DHCR, and the judgment of the Supreme Court granting the petition and vacating the determination of the DHCR is reversed, the determination is confirmed, and the proceeding is dismissed. Rosenblatt, J. P., Miller, Santucci and Florio, JJ., concur.