■ In the Matter of ALFONS MELOHN, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [650 NYS2d 166] —Order, Supreme Court, New York County (Salvador Collazo, J.), entered June 15, 1995, which denied the petition, brought pursuant to CPLR article 78, seeking to annul respondent's order affirming a determination of the Rent Administrator reducing the rent for the subject apartment upon a finding of a decrease in services, unanimously affirmed, without costs.

The IAS Court properly found respondent's determination to be rationally based. "[I]t is for the administrative agency to determine what constitutes a required service and whether that service [is being] maintained" (*Matter of Rubin v Eimicke*, 150 AD2d 697, 698, *lv denied* 75 NY2d 704). Here, respondent properly relied upon the report of its inspector that the water pressure was low (*see*, *Matter of Sherman v Commissioner, N. Y. State Div. of Hous. & Community Renewal*, 210 AD2d 486, 487).

The court also properly found that the Commissioner did not err in refusing to consider for the first time, at the petition for administrative review stage, the issue of the tenant's alleged withdrawal of his complaint, since that information was available at the time of submissions to the Rent Administrator (*see*, Rent Stabilization Code [9 NYCRR] § 2529.6; *Matter of 985 Fifth Ave. v State Div. of Hous. & Community Renewal*, 171 AD2d 572, 574-575, *lv denied* 78 NY2d 861). In any event, the letter from the tenant's attorney was insufficient evidence of a waiver where it was not signed by the parties or "so ordered" by the court. Concur—Milonas, J. P., Wallach, Kupferman, Ross and Williams, JJ.