■ In the Matter of H&H EQUITIES, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [653 NYS2d 547] —Judgment, Supreme Court, Bronx County (Bernard Burstein, J.), entered April 3, 1996, which denied petitioner's application pursuant to CPLR article 78 to annul respondent's determination denying petitioner a major capital improvement (MCI) rent increase, and dismissed the petition, unanimously affirmed, without costs.

Respondent's determination that extensive and hazardous plumbing problems in the premises warrant denial of the MCI rent increase for the repiping work that had been initially granted by the District Rent Administrator was not made in violation of respondent's rules of review or petitioner's right to due process, and was not arbitrary and capricious as lacking a rational basis in the record. The tenants' initial complaints all mentioned leaks and plumbing problems and can be viewed as encompassing a broad range of problems both related and unrelated to the specific plumbing work underlying the MCI application. Nor does due process require that petitioner had been served with the respondent's inspection reports (*Matter of Rubin v Eimicke*, 150 AD2d 697, *lv denied* 75 NY2d 704) or with the list of pending Department of Housing Preservation and Development violations on which respondent also relied and for which petitioner can have no excuse being unaware. We have considered petitioner's other arguments, including

that respondent's Policy Statement 90-8 precludes it from denying an MCI rent increase for failure to maintain essential services unless it first issues a rent-reduction order, and find them to be without merit. Concur—Murphy, P. J., Milonas, Nardelli and Andrias, JJ.