■ In the Matter of PAUL A. BRUSCO, Appellant, v STATE OF NEW YORK DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [657 NYS2d 180] —Judgment of the Supreme Court, New York County (Marylin Diamond, J.), entered June 5, 1996, which granted the petition seeking to annul the determination of respondent State of New York Division of Housing and Community Renewal (DHCR) affirming two Rent Reduction Orders, to the extent of remanding the matter to respondent to determine whether the conditions complained of by the tenants existed during the three-year period from the filing of their complaint to the inspection conducted by respondent, reversed to the extent appealed from, on the law, without costs, the petition granted, and the determination annulled in its entirety.

Petitioner Paul A. Brusco and his brother, Nicholas Brusco, owners of a Manhattan building containing rent controlled and rent stabilized apartments, were notified by respondent Division of Housing and Community Renewal in January 1991 that it had received a complaint from the building's tenants alleging insufficiencies in the maintenance and operation of the building's elevator, boiler, hallways and waste area. At the time of the filing of this complaint, DHCR pursued a policy or practice whereby landlords were notified of and given the opportunity to cure, prior to the issuance of a rate reduction order, any violations discovered by DHCR in the course of a building inspection. Aware of this practice, the Bruscos denied the allegations in the complaint, averred that they had corrected past deficiencies and requested notice of any violations discovered in any future DHCR inspection. The Division separately processed the tenants' heat and hot water complaints, and dismissed those claims in April 1991 following an inspection of the premises.

On February 15, 1994, more than three years later, DHCR conducted an inspection of the building and reported various violations, including unmopped hallways, an unclean elevator, worn elevator tiles, improperly secured railings and a poorly maintained trash area. Contrary to its prior practice, the Division did not provide the Bruscos with notice of and an op-

portunity to cure these deficiencies. Instead, on April 8, 1994, a Division Rent Administrator issued orders reducing the rents of affected tenants in stabilized apartments, retroactive to February 1991 levels, and prospectively reducing by $5 per month the rents of affected tenants in rent controlled apartments. The landlord petitioned for review of the determination alleging, *inter alia*, that the Department had erred in failing to give notice of the deficiencies. Upon the Commissioner's denial of that petition, petitioner commenced the instant proceeding to annul respondent's determination. Supreme Court granted the petition to the limited extent of remanding for further findings as to the propriety of the retroactive rent reduction, and petitioner appealed.

In our view, annulment of the determination is compelled by the failure of the Division in the instant matter to explain its departure from the longstanding practice of permitting landlords to correct deficiencies discovered in the course of inspections. The Division has conceded in its papers that this practice, which it denominates alternately as a "processing procedure" and a "guideline", was in force between January 1991 and March 17, 1994. General discontinuation of the practice was not announced until an Owners' Advisory Council meeting on April 21, 1994, thirteen days after the issuance of the Rent Administrator's orders in the instant matter. Ironically, the Division claims in its brief that the policy change was "previously implemented by the DHCR through the issuance of determinations such as the Rent Reduction Orders in this case", although the Rent Administrator's decision and the petition for administrative review are silent on that subject. While the Division's notification practice was not required by statute or general constraints of due process (*see, Matter of Empress Manor Apts. v New York State Div. of Hous. & Community Renewal*, 147 AD2d 642), and may or may not have constituted a rule under the State Administrative Procedure Act,* it was unambiguously recognized as a norm of procedural due process in rent adjustment proceedings by the respondent

---

* While the issue need not be decided, we note in passing that the notification practice appears to be a " 'fixed, general principle to be applied by an administrative agency without regard to other facts and circumstances relevant to the regulatory scheme of the statute it administers' " (*Schwartfigure v Hartnett*, 83 NY2d 296, 301, quoting *Matter of Roman Catholic Diocese v New York State Dept. of Health*, 66 NY2d 948, 951). Contrary to respondent's claims, the practice does not concern only the internal management of the agency; instead, it plainly affects the property rights and expectations of the broad segment of the public over which the Division exercises administrative authority. If this reading is correct, alteration of the practice without compli-

shortly before the proceeding at bar (*see, Matter of Kiss,* DHCR Administrative Review Docket No. GA430129RO, Nov. 10, 1993 ["The failure to provide the owner complete notification of the inspector's report and subsequent granting of a rent reduction based, in part, on a condition missing from the notice in question denied the owner due process of law"]). Since the failure of respondent to comply with the practice in the instant matter constituted a substantial departure from precedent, and was not explained by the Division at any point in the administrative process, the issuance of a rent reduction order in this case was arbitrary and capricious and the order should be annulled (*see, Matter of Field Delivery Serv. [Roberts],* 66 NY2d 516). Fundamental fairness to the public served by DHCR—landlords and tenants alike—would appear to require substantially more consistency in the application of precedent than petitioner was afforded in this case. Concur—Murphy, P. J., Rosenberger and Andrias, JJ.

Rubin and Mazzarelli, JJ. dissent in a memorandum by Rubin, J., as follows: The rent reduction order issued in this matter is predicated on a single inspection conducted on February 15, 1994, some three years after the tenants' complaint alleging a reduction in building-wide services was served upon petitioner landlord on January 16, 1991. In the absence of a factual finding that the condition complained of was ongoing throughout this period, Supreme Court properly decided that the record is insufficient to permit an assessment of whether the three-year rent rollback has a rational basis (*cf., Matter of Rubin v Eimicke,* 150 AD2d 697, 699 [three inspections conducted during one-year period], *lv denied* 75 NY2d 704; *Matter of 230 E. 52nd St. Assocs. v State Div. of Hous. & Community Renewal,* 131 AD2d 349, 351 [evidence "overwhelming that necessary services were not maintained"]).

Contrary to the position advanced by the majority, notice of the result of an inspection of the premises is not a prerequisite to a determination that a rent rollback is warranted. If competent evidence exists to support a finding that a recurring condition involving the lack of building-wide maintenance services was ongoing throughout the subject three-year period, the landlord is properly chargeable with knowledge of that condition and the need for its alleviation. However, as respondent has made no such finding and the record on appeal does not support such a finding, it is necessary to remand the matter to the agency for further consideration.

---

ance with the dictates of the State Administrative Procedure Act would appear to be an additional ground for annulment of the determination in this case.

Accordingly, the judgment of the Supreme Court, remanding the matter to respondent agency, should be affirmed.