■ In the Matter of NOTRE DAME LEASING, Appellant, v DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [673 NYS2d 935] —In a proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the respondent New York State Division of Housing and Community Renewal, dated August 22, 1996, which dismissed the petition for administrative review and affirmed an order of the Rent Administrator, dated August 9, 1995, directing a rent reduction for decreased services to the subject rent-stabilized apartment, the petitioner appeals from a judgment of the Supreme Court, Queens County (Golia, J.), dated May 21, 1997, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Having received a copy of the tenant's complaint and having partially restored services to the subject apartment in response thereto, the appellant was not entitled to receive a copy of the respondent's inspection report and a second opportunity to remedy the remaining defective conditions prior to the issuance of the Rent Administrator's order (*see, Matter of H&H*

*Equities v New York State Div. of Hous. & Community Renewal,* 235 AD2d 360; *Matter of Albert v Eimicke,* 151 AD2d 746; *Matter of Rubin v Eimicke,* 150 AD2d 697; *Matter of Empress Manor Apts. v New York State Div. of Hous. & Community Renewal,* 147 AD2d 642).

The appellant's contention that the respondent failed to investigate whether the tenant may have caused one of the defective conditions was not advanced before the Rent Administrator and therefore was properly found to be outside the scope of administrative review (*see, Matter of Levine v New York State Div. of Hous. & Community Renewal,* 243 AD2d 373; *Matter of 455 Ocean Assocs. v New York State Div. of Hous. & Community Renewal,* 241 AD2d 495; *Matter of Birdoff & Co. v New York State Div. of Hous. & Community Renewal,* 204 AD2d 630; *Matter of 60 Gramercy Park Co. v New York State Div. of Hous. & Community Renewal,* 188 AD2d 371). In any event, the appellant failed to come forward with any evidence to substantiate this assertion.

Furthermore, under all of the circumstances, the determination of the respondent contained sufficient findings and conclusions to apprise the appellant of the defective conditions at the subject apartment and the basis for the imposition of the rent reduction. Since that determination had a rational basis in the record, the Supreme Court properly dismissed the appellant's proceeding pursuant to CPLR article 78 (*see, e.g., Matter of Melohn v New York State Div. of Hous. & Community Renewal,* 234 AD2d 23; *Matter of Stavisky v New York State Div. of Hous. & Community Renewal,* 204 AD2d 462; *Matter of Kingswood Mgt. Corp. v New York State Div. of Hous. & Community Renewal,* 168 AD2d 450). Copertino, J. P., Thompson, Sullivan and Friedmann, JJ., concur.