■ In the Matter of BEL AIR LEASING LIMITED PARTNERSHIP, Appellant, v DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [686 NYS2d 483] —In a proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the respondent New York State Division of Housing and Community Renewal, dated October 7, 1997, which denied a petition for administrative review and confirmed an order of the Rent Administrator dated June 10, 1996, directing a rent reduction for decreased services for the subject rent-stabilized apartment, the petitioner appeals from a judgment of the Supreme Court, Kings County (Vaughan, J.), entered February 27, 1998, which dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

In February 1996 the respondent, New York State Division of Housing and Community Renewal (hereinafter DHCR) notified the petitioner (hereinafter the owner) of a complaint made by a tenant. The owner then submitted an answer stating that repair work had been effected to address the defective condition alleged by the tenant. Approximately two months later, a DHCR inspector inspected the apartment and found that the condition had not been effectively remedied. Thereafter the DHCR issued a rent reduction order which was subsequently upheld on administrative appeal.

Contrary to the owner's contention, it was not entitled to no-

tice of the inspector's report and an additional opportunity to remedy the defective condition prior to the issuance of the Rent Administrator's order (*see, Matter of Notre Dame Leasing v Division of Hous. & Community Renewal*, 251 AD2d 583; *Matter of H&H Equities v New York State Div. of Hous. & Community Renewal*, 235 AD2d 360; *Matter of Albert v Eimicke*, 151 AD2d 746; *Matter of Rubin v Eimicke*, 150 AD2d 697; *Matter of Empress Manor Apts. v New York State Div. of Hous. & Community Renewal*, 147 AD2d 642; *cf., Matter of Brusco v State of N. Y. Div. of Hous. & Community Renewal*, 239 AD2d 210).

In addition, the record amply supports the conclusion that the determination of the DHCR was rationally based (*see, Matter of Melohn v New York State Div. of Hous. & Community Renewal*, 234 AD2d 23). Accordingly, the Supreme Court properly dismissed the proceeding (*see, Matter of Stavisky v New York State Div. of Hous. & Community Renewal*, 204 AD2d 462). S. Miller, J. P., Thompson, Friedmann and Florio, JJ., concur.