■ In the Matter of DAYTON SEASIDE ASSOCIATES No. 2, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. SURFSIDE HOUSING ASSOCIATION FOR TENANTS et al., Proposed Intervenors-Appellants. [705 NYS2d 898] —In a proceeding pursuant to CPLR article 78 to review a determination of the Deputy Commissioner of the respondent New York State Division of Housing and Community Renewal, dated January 5, 1998, which, *inter alia*, affirmed an order of the Rent Administrator directing a rent reduction for the subject premises, the petitioner appeals, as limited by its brief from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Dye, J.), entered December 24, 1998, as dismissed the proceeding.

Ordered that the appeal of the proposed intervenors-appellants is dismissed for failure to perfect the same in accordance with the rules of this Court (*see,* 22 NYCRR 670.8 [e]); and it is further,

Ordered that the judgment is affirmed insofar as appealed from by the petitioner; and it is further,

Ordered that the respondent is awarded one bill of costs payable by the petitioner.

Contrary to the petitioner's contention, it was not entitled to notice of the inspector's report and an additional opportunity to remedy the defective conditions prior to the issuance of the Rent Administrator's order (*see, Matter of Bel Air Leasing Ltd. Partnership v Division of Hous. & Community Renewal*, 259 AD2d 542; *Matter of Notre Dame Leasing v Division of Hous. & Community Renewal*, 251 AD2d 583; *Matter of H&H Equities v New York State Div. of Hous. & Community Renewal*, 235 AD2d 360; *Matter of Albert v Eimicke*, 151 AD2d 746; *Matter of Rubin v Eimicke*, 150 AD2d 697; *Matter of Empress Manor Apts. v New York State Div. of Hous. & Community Renewal*, 147 AD2d 642; *cf., Matter of Brusco v State of N. Y. Div. of Hous. & Community Renewal*, 239 AD2d 210).

Furthermore, under all of the circumstances, the respon-

dent's determination contained sufficient findings and conclusions to apprise the petitioner of the defective conditions at the subject building and the basis for the imposition of the rent reduction. Since that determination had a rational basis in the record, the Supreme Court properly dismissed the proceeding (*see, Matter of Bel Air Leasing Ltd. Partnership v Division of Hous. & Community Renewal,* 259 AD2d 542, *supra*; *Matter of Melohn v New York State Div. of Hous. & Community Renewal,* 234 AD2d 23).

The petitioner's remaining contention is without merit. Altman, J. P., Florio, H. Miller and Schmidt, JJ., concur.