■ In the Matter of CLARENDON MANAGEMENT CORP., Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [707 NYS2d 873] —In a proceeding pursuant to CPLR article 78 to review a determination of the Deputy Commissioner of the New York State Division of Housing and Community Renewal, dated March 18, 1998, which denied the appellant's petition for administrative review and affirmed an order of the Rent Administrator, dated March 5, 1997, sustaining an Order Reducing Rent for Rent-Stabilized Tenants dated February 13, 1996, the appeal is from a judgment of the Supreme Court, Richmond County (Cusick, J.), dated December 21, 1998, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

We reject the appellant's contention that two gaps in the brick wall around the entrance to the subject rent-regulated apartment building, which are six square feet and five square feet, respectively, were de minimis conditions and therefore provided no rational basis for the determination by the respondent, New York State Division of Housing and Community Renewal (hereinafter the DHCR). The appellant was required to repair and maintain the public areas of the subject building, and failed to do so. It is for the DHCR to determine what constitutes a required service and whether that service has been maintained, and its determination here is supported by substantial evidence (*see, Matter of Kingswood Mgt. Corp. v New York State Div. of Hous. & Community Renewal,* 168 AD2d 450; *Matter of Rubin v Eimicke,* 150 AD2d 697). In addition, there is no merit to the appellant's contention that the rent reduction was excessive (*see, Matter of Hyde Park Assocs. v Higgins,* 191 AD2d 440).

The appellant's remaining contentions are without merit. Mangano, P. J., Bracken, McGinity and Luciano, JJ., concur.