■ In the Matter of WHITEHOUSE ESTATES, INC., Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [772 NYS2d 807]—

Judgment, Supreme Court, New York County (Marilyn Shafer, J.), entered March 20, 2003, which denied petitioner's application to annul respondent Division of Housing and Community Renewal's (DHCR) denial of a major capital improvement rent increase for certain pointing and masonry work, unanimously affirmed, without costs.

Respondent's finding that the pointing and masonry work in question was not done "as necessary," as required by Rent Stabilization Code (9 NYCRR) § 2502.4 (a) (2) (ii) (19) to qualify as a major capital improvement, is rationally supported by an inspection report showing significant cracking to the exterior of the building six years after the work was done, which inspection was performed pursuant to tenant complaints about the work submitted to the Rent Administrator one year after the work was done (*see Matter of Cenpark Realty Co. v New York State Div. of Hous. & Community Renewal*, 257 AD2d 543 [1999]). Due process did not require that petitioner be provided with notice of respondent's inspection (*Matter of Stavisky v New York State Div. of Hous. & Community Renewal*, 204 AD2d 462 [1994]) or with a copy of the inspection report (*Matter of H&H Equities v New York State Div. of Hous. & Community Renewal*, 235 AD2d 360 [1997]).

We have considered petitioner's other arguments and find them unavailing. Concur—Buckley, P.J., Williams, Lerner and Marlow, JJ.