■ In the Matter of CROES NEST REALTY, LP, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents. [938 NYS2d 42]—

Petitioner owns a residential building, formerly governed by city regulations under the Mitchell-Lama program pursuant to which petitioner was required to, inter alia, provide the tenants access to a community room used for parties and other gatherings. Access to the community room became one of the required services under the Rent Stabilization Law upon the building's withdrawal from the Mitchell-Lama program and entry into rent stabilization (*see* Rent Stabilization Code [9 NYCRR] § 2520.6 [r]). The rent-stabilized tenants commenced a proceeding with DHCR, based on petitioner's closing of the community

room. In answering tenant's complaint, petitioner conceded that it closed the room and changed the locks. Although it cited "security reasons," no details or other supporting facts were provided. DHCR found that petitioner had closed the room without notice, thereby decreasing services and entitling the rent-stabilized tenants to a reduction of rent. Petitioner appealed, filing a petition for administrative review (PAR), in which it maintained that the room was not closed, but rather, the locks were changed to prevent certain tenants from using the room as part of a commercial operation. DHCR denied the PAR, finding that there was no dispute that petitioner closed the community room to tenants and that petitioner's claim of improper use of the room was not timely raised and therefore outside the scope of its review.

DHCR has broad discretion in ascertaining whether a required service is not being properly provided (*see Matter of Melohn v New York State Div. of Hous. & Community Renewal*, 234 AD2d 23 [1996]; *Matter of ANF Co. v Division of Hous. & Community Renewal*, 176 AD2d 518 [1991]). Petitioner's arguments that DHCR's determination was improper are based upon evidence submitted for the first time in the PAR, which cannot be considered since disposition of the proceeding is limited to the facts and record adduced before the agency when the administrative determination was rendered (9 NYCRR 2529.6; *Matter of Fanelli v New York City Conciliation & Appeals Bd.*, 90 AD2d 756 [1982], *affd* 58 NY2d 952 [1983]). Petitioner makes no argument that any of this evidence, which included the affidavit of an employee of petitioner's managing agent, and records maintained in petitioner's office, was unavailable during the original proceeding (*see Matter of Melohn*, 234 AD2d at 24). The evidence before DHCR at the time of its determination established that petitioner locked the community room without prior notice or explanation and without obtaining DHCR's permission (9 NYCRR 2522.4 [d], [e]).

We have considered petitioner's additional arguments and find them unavailing. Concur—Gonzalez, P.J., Saxe, Acosta and Freedman, JJ.