Matter of 113-117 Realty, LLC v Division of Hous. & Community Renewal (2021 NY Slip Op 06432)





Matter of 113-117 Realty, LLC v Division of Hous. & Community Renewal


2021 NY Slip Op 06432


Decided on November 18, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 18, 2021

Before: Kapnick, J.P., Webber, Oing, Moulton, Rodriguez, JJ. 


Index No. 150738/20 Appeal No. 14650 Case No. 2021-01244 

[*1]In the Matter of 113-117 Realty, LLC, Petitioner-Appellant,
v
Division of Housing and Community Renewal, Respondent-Respondent, Nancy Williams, Respondent.


Golino Law Group, PLLC, New York (Santo Golino of counsel), for appellant.
Mark F. Palomino, New York (Martin B. Schneider of counsel), for respondent.



Judgment (denominated an order), Supreme Court, New York County (Carol R. Edmead, J.), entered October 14, 2020, denying the petition seeking to annul the determination of respondent New York State Division of Housing and Community Renewal, dated November 22, 2019, which denied petitioner's application to vacate the rent administrator's reduction of the rent collectable from a rent-stabilized tenant, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
DHCR's determination that a rent reduction is warranted was rationally based and supported by the record (see CPLR 7803[3]). DHCR's on-site inspection revealed that 20 required services were not maintained in the apartment of petitioner's tenant. DHCR has broad discretion in ascertaining whether a required service is not being properly provided (see Matter of Melohn v New York State Div. of Hous. & Community Renewal, 234 AD2d 23 [1st Dept 1996]). "In making such a determination, the DHCR is entitled to rely upon the reports of its inspectors" (Matter of Sherman v Commissioner, N.Y. State Div. of Hous. & Community Renewal, 210 AD2d 486, 487 [2d Dept 1994]).
Petitioner's argument that DHCR failed to adhere to its own precedent on the basis that it failed to stay the proceeding pending the outcome of a nuisance holdover proceeding is unpreserved (see Matter of Rizzo v New York State Div. of Hous. & Community Renewal, 16 AD3d 72, 75 [1st Dept 2005], affd 6 NY3d 104 [2005]) and, in any event, without merit.
We have considered petitioner's other arguments, and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 18, 2021