Matter of Carr v New York State Div. of Hous. & Community Renewal (2023 NY Slip Op 02967)

Matter of Carr v New York State Div. of Hous. & Community Renewal

2023 NY Slip Op 02967

Decided on June 06, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 06, 2023

Before: Renwick, A.P.J., Kern, Singh, Scarpulla, Higgitt, JJ. 

Index No. 150139/22 Appeal No. 392-393 Case No. 2022-03606, 2023-00250 

[*1]In the Matter of Leslie E. Carr et al., Petitioners-Appellants,
v
New York State Division of Housing and Community Renewal, Respondent-Respondent, Regina Metropolitan Co., LLC, Intervenor-Respondent.

Leslie E. Carr and Harry A. Levy, appellants pro se.
Mark F. Palomino, New York (Christina S. Ossi of counsel), for New York State Division of Housing and Community Renewal, respondent.
Horing Welikson Rosen & Digrugilliers, PC, Williston Park (Jullian N. Bittner of counsel), for Regina Metropolitan Co., LLC, respondent.

Judgment (denominated an order) of the Supreme Court, New York County (Lynn R. Kotler, J.), entered June 9, 2022, denying the petition to annul the determination of respondent agency (DHCR), dated November 8, 2021, which recalculated, upon remand from the Court of Appeals, rent overcharges for which intervenor landlord (Regina) is liable and granted reasonable attorneys' fees only for proceedings before the rent administrator, and dismissing this proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs. Order, same court and Justice, entered January 9, 2023, which denied petitioners' motion for leave to renew, unanimously affirmed, without costs.
This proceeding stems from the remand by this Court to DHCR in the parties' prior article 78 proceedings to recalculate rent overcharges, as affirmed by the Court of Appeals (Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 164 AD3d 420, 424-428 [1st Dept 2018], affd 35 NY3d 332 [2020]). DHCR's determination was not arbitrary and capricious, or affected by an error of law (CPLR 7803[3]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]).
The rent calculation complied with the holdings by the Court of Appeals that the Housing Stability and Tenant Protection Act of 2019 (HSTPA) does not apply retroactively to the overcharge calculations in this case. Since there was no fraudulent scheme to deregulate petitioners' apartment or willful overcharges due to the deregulation in reliance on DHCR's misinterpretation of law involving the receipt of J-51 benefits, "'[t]he legal regulated rent . . . shall be deemed to be the rent charged on the base date, plus in each case any subsequent lawful increases and adjustments,'" and petitioners may "recover only the increases added to the market base date rent that were over the legal limits during the recovery period" (Matter of Regina Metro., 35 NY3d at 354, 357, quoting 9 NYCRR [RSC] § 2526.1[a][3][i]; see L. 2019 ch. 36, § 1, Part F; see also Roberts v Tishman Speyer Props., L.P., 13 NY3d 270 [2009]).
DHCR rationally found that HSTPA Part E — which deleted statutory language allowing for high-rent deregulation, required future lease renewals after June 14, 2019 to maintain current rents, and allowed only rent guideline and other authorized increases — is inapplicable and that Regina did not waive its right to collect higher rent, since the rent petitioners were paying between 2014 and 2020 was in compliance with the rent administrator's erroneous calculations, Regina expressly maintained its rights in the 2014 lease to collect higher rent pending the determination of the parties' petitions for administrative review (PARs) and judicial review, and Regina consistently argued for the application of the standard overcharge calculation method endorsed by this Court and the Court of Appeals (L. 2019, ch. 36, § 1, Part [*2]E, amending Unconsolidated Law § 8630[a][2] and Administrative Code of City of NY § 26-511[c][14]; see also Jefpaul Garage Corp. v Presbyterian Hosp. in City of N.Y., 61 NY2d 442, 446 [1984]). DHCR also rationally declined to consider petitioners' speculative questioning of the validity of RSC 2526.1(a)(3)(i), made for the first time before DHCR almost 18 months after the Court of Appeals rendered its decision, as outside the scope of the remanded PAR (see RSC 2529.6; Matter of Croes Nest Realty, LP v New York State Div. of Hous. & Community Renewal, 92 AD3d 402, 403 [1st Dept 2012]).
DHCR providently limited the recovery of attorneys' fees to the amount petitioners expended while their overcharge proceeding was pending before the rent administrator. The HSTPA provision mandating an award of "the reasonable costs and attorneys' fees of the proceeding," to the extent applicable retroactively (Administrative Code of City of NY § 26-516[a][4]; L. 2019, ch. 36, § 1, Part F, § 4), requires DHCR to exercise discretion in determining reasonableness (compare Matter of Juarez v New York State Off. of Victim Servs., 36 NY3d 485, 491-495 [2021]). Here, DHCR rationally concluded that it could only consider evidence presented to the rent administrator, it lacked jurisdiction to award fees expended in article 78 proceedings, in which DHCR itself was a party, and petitioners were not a prevailing party either in their PAR or before the courts (Administrative Code of City of NY § 26-516[a][2], [5]; RSC 2529.6; see Nestor v McDowell, 81 NY2d 410, 415 [1993]; see also CPLR 7802[a]).
Supreme Court providently denied petitioners' motion seeking leave to renew, by which they again sought to challenge the validity of RSC 2526.1(a)(3)(i) (see CPLR 2221[e]). Petitioners' argument that the regulation was not reviewed with DHCR's proposed RSC amendments, which became effective January 8, 2014, in compliance with the State Administrative Procedures Act is essentially a claim that it was made "in violation of lawful procedure" (CPLR 7803[3]), for which the statute of limitations is four months (CPLR 217[1]; see New York City Health & Hosps. Corp. v McBarnette, 84 NY2d 194, 198 [1994]). As such, the claim is untimely. Additionally, this challenge should have been raised in the prior article 78 proceeding, at the very least before the Court of Appeals (compare Matter of Regina Metro., 35 NY3d at 354). As an alternative holding, we find that the exhibit proffered on renewal, the amendments as proposed in 2013, demonstrate DHCR's compliance with State Administrative Procedures Act, as there were significant additions to RSC 2526.1 and the exhibit was DHCR's "publish[ed] . . . notice of proposed rulemaking . . . setting forth a reasoned justification for modification of the rule" (State Administrative Procedures Act § 207[3]).
We have considered petitioners' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE [*3]DIVISION, FIRST DEPARTMENT.
ENTERED: June 6, 2023