In the Matter of MYRTLE BROTHERTON et al., Respondents, v STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Appellant. [597 NYS2d 377] —Leave to appeal from the non-final order of the Supreme Court, Bronx County (Anita Florio, J.), entered September 16, 1992, is granted, *sua sponte,* and said order, which granted the petitioners' application pursuant to CPLR article 78 to the extent of remanding the matter to respondent for consideration of all documents including evidence submitted for the first time to the IAS Court and for a new determination within 60 days, is unanimously modified, on the law and facts, and the petition is granted solely to the extent of remanding to the respondent for a determination as to whether the March 16, 1990 application by petitioners was actually received by the agency and then lost, or never submitted by petitioners, and for a new determination in either event, and otherwise affirmed, without costs or disbursements.

Petitioners, husband and wife and their corporation, filed an application for a major capital improvement (MCI) rent increase on July 3, 1987 on their premises, a five-story apartment building with 44 units located on Valentine Avenue in the Bronx. In their application petitioners claimed that they had installed new windows, a boiler and a burner and submitted contract proposals from three vendors, with an estimated total cost of $84,740. On July 31, 1987 the application was returned to petitioners by the Office of the District Rent

Administrator with instructions to submit a more complete form, and indicating what further information was to be provided.

On September 11, 1987, petitioners submitted additional documentation, including cancelled checks showing payment by petitioners for the installation of window guards. Thereafter, on November 4, 1988, the Division of Housing and Community Renewal (DHCR) requested proof of payment for the new windows and the boiler and burners that petitioners claimed to have installed, the permits and approvals for them, and a statement as to the age of the replaced windows. Petitioners did not respond to this request.

On April 2, 1990, the Rent Administrator again wrote to petitioners, requesting additional information. The Administrator asked that, as to each of the contractors or vendors, information be provided as to work or services performed, materials supplied, date contract executed, date work commenced and date work completed. The Administrator again requested proofs of payment for the boiler, burner and windows. He requested copies of the necessary approvals, permits and certificates, a listing of BTU ratings for input and output and the age of the windows being replaced. Petitioners did not respond to this request. A second copy of the April 2nd letter was sent on May 2, 1990, marked in red "final notice", but once again petitioners failed to respond.

On June 8, 1990 the Rent Administrator denied petitioners' application for an MCI rent increase, on the ground that they had submitted incomplete information and failed to comply with follow-up requests.

On July 2, 1990, petitioners filed a petition for administrative review (PAR). They asserted that on March 16, 1990, Ms. Brotherton went to the respondent's Jamaica district office and spoke to Mr. Herring who told her that the file had been misplaced. An amended PAR was submitted on August 16, 1990.

The documentation requested in the April 2, 1990 and May 2, 1990 letters from respondent was not provided in the PAR, and on January 31, 1992 the PAR was denied based upon this failure to respond to respondent's April and May requests for further information.

In this article 78 proceeding, petitioners alleged that the improvements were valued at $106,341.91, approximately $20,000 more than on their initial application and contended that "all appropriate information, or its equivalent" had been provided.

As Exhibit C to the article 78 petition, petitioners submitted what was purported to be an amended MCI application dated March 16, 1990. The documents included therein contain certain contract information, but some bear subsequent dates of April 2, April 4, and April 18, 1990. Exhibits G-L annexed to the petition were claimed to provide basically all of the other information requested.

Petitioner Brotherton averred that she personally delivered the foregoing materials to the respondent's Jamaica office and postulated that they had been lost. In any event, it was concluded that even if such data had not been submitted with the original application, it was arbitrary and capricious for DHCR to deny petitioners a final chance to submit the data.

The IAS Court determined that petitioners had in fact supplied substantially all of the information respondent claimed was missing, and remitted the matter to DHCR for a determination on the merits, making an express finding of fact that the additional papers had been submitted by petitioners and lost by the agency.

The IAS Court concluded here, based only upon the submissions, without a hearing, that petitioners' account of the submission of documents was true. Based upon our own review of the file, this finding of credibility made on papers alone, was unwarranted. Thus, as noted, petitioners' assertion of delivery on March 16 was belied by the several post-March 16 dates on the documents supposedly delivered on that date.

The burden is upon the landlord to justify the increase sought by presenting documentary support. We have previously found that all relevant documentation should be presented to the Rent Administrator, initially, and not upon the petition for administrative review, unless the evidence could not have reasonably been offered at the administrative proceeding *(see, Matter of 985 Fifth Ave. v State Div. of Hous. & Community Renewal,* 171 AD2d 572, 574-575, *lv denied* 78 NY2d 861).

A fortiori, there is no justification for petitioners producing documentation initially in the Supreme Court. "Disposition of the proceeding is limited to the facts and record adduced before the agency when the administrative determination was rendered." *(Matter of Fanelli v New York City Conciliation & Appeals Bd.,* 90 AD2d 756, 757, *affd* 58 NY2d 952.)

Accordingly, we remand to the respondent for a determination as to whether the material was submitted by the petitioners to the respondent agency but thereafter lost.

If it is determined that respondent did not receive such documentation, then it would be entitled to again deny the PAR, subject, of course, to article 78 review. If it is determined that the materials were received, this evidence must then be considered by the agency but the respondent must then further determine whether this documentation substantially complies with its requirements, once more subject to article 78 review. Concur—Carro, J. P., Rosenberger, Ellerin and Asch, JJ.