■ In the Matter of DIANE DOWLING, Respondent, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, and MARCY BOUCHER et al., Intervenors-Appellants. [672 NYS2d 105] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered June 27, 1996, which vacated two orders of the respondent New York State Division of Housing and Community Renewal, one dated March 11, 1994, reopening a rent overcharge case, and one dated November 22, 1994, redetermining petitioner's rent, unanimously reversed, on the law and the facts, without costs or disbursements, and both determinations of the respondent are reinstated, and the CPLR article 78 petition herein dismissed.

In April of 1982, petitioner became a tenant in the building owned at that time by Tint Realty. In September 1982, petitioner filed an overcharge complaint with the respondent agency. On or about January 18, 1985, petitioner became the

7-A Administrator of the subject premises. In January 1986, the respondent agency issued an order finding petitioner's rent properly to be $300 per month, since the previous owner Tint Realty had failed to submit rent records. Petitioner, who was then serving as 7-A Administrator, filed a Petition for Administrative Review (PAR) submitting additional records showing that an apartment at the premises was registered by her, while she was acting as Administrator, at a monthly rate of $183.21. The Commissioner used this information to issue an order on May 19, 1992 reducing the petitioner's rent to $183.21 and finding an overcharge through January 31, 1986 of $8,560.90, which was subsequently entered as a judgment in the Supreme Court.

The intervenors-appellants had acquired the subject premises at a judicial foreclosure sale on April 11, 1985. They were not made parties to the PAR.

Thereafter, in an order dated March 11, 1994, the respondent Division of Housing and Community Renewal (DHCR) reopened the May 19, 1992 order pursuant to Rent Stabilization Code (9 NYCRR) § 2529.9 based on a finding of an irregularity in a vital matter in that the petitioner was both a tenant and 7-A Administrator when the PAR was filed and that the new owners were not made parties to the PAR and not given adequate notice of its pendency. In an order of revocation and modification dated November 22, 1994, the respondent DHCR set the rent as of April 1, 1985 at $327 per month. The IAS Court, in the order appealed from herein, held that the agency's reopening of the proceeding was improper and vacated both the March 11, 1994 order and the November 22, 1994 order.

Section 2529.9 of the Rent Stabilization Code reads in pertinent part: "The commissioner, on application of either party or on his own initiative, and upon notice to all parties affected, may, prior to the date that a proceeding for judicial review has been commenced in the Supreme Court pursuant to article 78 of the Civil Practice Law and Rules, issue a superseding order modifying or revoking any order issued by him under this or any previous Code where he finds that such order was the result of illegality, irregularity in vital matters or fraud."

Contrary to the finding of the IAS Court, the Commissioner did not have to find that the petitioner acted improperly as 7-A Administrator to reopen the proceeding and issue the superseding order. Here, the tenant who filed the overcharge complaint became the building's Administrator and prosecuted a

PAR on her complaint while serving as the Administrator *without* joining the building's new owners, intervenors-appellants. The fact that a conflict of interest existed was sufficient as an unusual circumstance justifying respondent's reopening of the proceeding as an "irregularity in vital matters." Also, there was inadequate notice given to the intervenors-appellants, who were purchasers at a foreclosure sale. Further, as the agency found, the intervenors-appellants should have been joined in the overcharge proceeding as necessary parties in view of the conflict of interest. Moreover, petitioner had exclusive access to the building records while Administrator, and the intervenors-appellants did not get access to said records until October 1987, nearly two years after their purchase of the property.

Also, contrary to the IAS Court's finding, the agency was not required to give notice to petitioner *before* reopening the matter, but simply notice that it was reopening a matter with the parties being given an opportunity to respond. Thus, section 2529.9 provides for a reopening on application of either party or *sua sponte*, "and upon notice to all parties affected." There is no dispute that petitioner was given notice of the reopening and an opportunity to be heard in the reopened proceeding.

Finally, the respondent agency's modification determination was not irrational or unreasonable, and entailed an evaluation of factual data and the inferences to be drawn from them. Consequently, it is entitled to deference from us (*Matter of Ansonia Residents Assn. v New York State Div. of Hous. & Community Renewal*, 75 NY2d 206, 213). Concur—Rosenberger, J. P., Nardelli, Wallach and Mazzarelli, JJ.