■ In the Matter of BOULEVARD TENANTS CORP., Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents. [694 NYS2d 442] —In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Division of Housing and Community Renewal, which, upon a determination that the subject apartment was rent-stabilized rather than rent-controlled, imposed a rent guideline decrease retroactive to April 1, 1998, the petitioner appeals from a judgment of the Supreme Court, Queens County (Price, J.), dated March 19, 1998, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

On November 13, 1996, the New York State Division of Housing and Community Renewal (hereinafter the DHCR) issued a final order which reclassified the apartment at issue here as rent-stabilized rather than rent-controlled, and reduced the tenant's rent by a full guideline level, retroactive to April 1,

1988. The petitioner landlord thereafter had 35 days within which to file a petition for administrative review (hereinafter a PAR), or forfeit its right to review of the agency's determination (*see,* Rent Stabilization Code [9 NYCRR 2529.2]). The landlord wrote two letters to the agency, but did not file its PAR until July 21, 1997. The agency rejected the PAR as time-barred.

The court properly dismissed the instant proceeding pursuant to CPLR article 78. The landlord's letters to the DHCR did not extend its time to file a PAR, with the result that the rejection of the PAR as untimely was neither arbitrary nor capricious (*see, e.g., Matter of Dowling v Holland,* 245 AD2d 167; *Matter of Ruiz v New York State Div. of Hous. & Community Renewal,* 210 AD2d 338; *Matter of Weber v New York State Div. of Hous. & Community Renewal,* 190 AD2d 810; *Matter of S & M Dev. v State Div. of Hous. & Community Renewal,* 182 AD2d 995). Bracken, J. P., Thompson, Sullivan, Friedmann and Florio, JJ., concur.