■ In the Matter of CLARENDON MANAGEMENT CORP., Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [707 NYS2d 873] —In a proceeding pursuant to CPLR article 78 to review a determination of the Deputy Commissioner of the New York State Division of Housing and Community Renewal, dated March 18, 1998, which denied the appellant's petition for administrative review and affirmed an order of the Rent Administrator, dated March 5, 1997, sustaining an Order Reducing Rent for Rent-Stabilized Tenants dated February 13, 1996, the appeal is from a judgment of the Supreme Court, Richmond County (Cusick, J.), dated December 21, 1998, which denied the petition and dismissed the proceeding.

■ In the Matter of CLARENDON MANAGEMENT CORP., Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [707 NYS2d 858] —In a proceeding pursuant to CPLR article 78 to review a determination of the Deputy Commissioner of the New York State Division of Housing and Community Renewal, dated July 23, 1997, which dismissed as untimely a petition for administrative review of a rent-

reduction order dated March 19, 1997, the petitioner appeals from a judgment of the Supreme Court, Richmond County (Cusick, J.), dated December 21, 1998, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

On March 19, 1997, the Rent Administrator for the New York State Division of Housing and Community Renewal (hereinafter the DHCR) reduced the rent for a building owned by the petitioner because of decreases in service. The petitioner then had 35 days in which to file a petition for administrative review (hereinafter PAR), or forfeit its right to have the determination reviewed (*see,* Rent Stabilization Code [9 NYCRR 2529.2]). The petitioner's PAR was dated April 29, 1997, and was filed with the DHCR on April 30, 1997. The DHCR dismissed the PAR as time-barred.

The Supreme Court properly dismissed the instant proceeding pursuant to CPLR article 78, as the strict enforcement by the DHCR of the time requirement was neither arbitrary nor capricious (*see, Matter of Boulevard Tenants Corp. v New York State Div. of Hous. & Community Renewal,* 264 AD2d 444; *Matter of Ruiz v New York State Div. of Hous. & Community Renewal,* 210 AD2d 338; *Matter of Lipes v New York State Div. of Hous. & Community Renewal,* 174 AD2d 571).

The petitioner's remaining contentions are without merit. Mangano, P. J., Bracken, McGinity and Luciano, JJ., concur.