■ In the Matter of 251 WEST 98TH STREET OWNERS, L. L. C., Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [713 NYS2d 729] —Order, Supreme Court, New York County (Emily Goodman, J.), entered on or about October 21, 1999, which granted petitioner landlord's motion to reargue an order, entered May 27, 1999, denying its application to annul respondent Division of Housing and Community Renewal's (DHCR) determination denying it major capital improvement (MCI) rent increases, and, upon reargument, adhered to the prior order, unanimously affirmed, without costs. Appeal from the order entered May 27, 1999 unanimously dismissed, without costs, as subsumed in the appeal from the order entered on or about October 21, 1999.

We reject the landlord's argument that prior, unreviewed administrative orders granting maximum base rent (MBR) increases and denying a decreased services complaint precluded DHCR's finding herein that certain class "C", i.e., immediately hazardous, violations of record against the property had not been corrected, and DHCR's denial of the landlord's MCI applications on that ground. First, DHCR's Commissioner should not be required to adopt unreviewed errors made by a Rent Administrator. Second, there is no indication that the landlord's MBR applications were contested in any manner, or that the tenants' decreased services complaint in any manner involved the "C" violations in question. We also reject the landlord's argument that the finding of extant "C" violations is arbitrary

and capricious. DHCR relied on a record of the New York City Department of Housing Preservation and Development, Office of Code Enforcement, indicating that six "C" violations were found upon inspections conducted during the proceedings before the Rent Administrator, and remained of record during the time proceedings for administrative review were commenced. Inspection reports of this nature may be relied on by DHCR for purposes of determining whether an owner has met the statutory requirements for an MCI increase (*cf., Matter of Barklee Realty Co. v New York State Div. of Hous. & Community Renewal*, 159 AD2d 416, *lv denied* 76 NY2d 709). Concur—Williams, J. P., Tom, Ellerin, Rubin and Saxe, JJ.