■ In the Matter of JACKEE SHERTEE C., a Child Alleged to be Permanently Neglected. COMMISSIONER OF SOCIAL SERVICES et al., Respondents; YVETTE F., Appellant. [718 NYS2d 178] —Order of disposition, Family Court, Bronx County (Stewart Weinstein, J.), entered on or about April 23, 1997, terminating respondent's parental rights to the subject child and committing her custody and guardianship to petitioners agency and the Commissioner of Social Services for purposes of adoption, upon a fact-finding determination of permanent neglect, unanimously affirmed, without costs.

The finding of permanent neglect is supported by clear and convincing evidence of respondent's failure to complete any of the many drug rehabilitation programs to which she was referred by the agency, or remain drug free (see, Matter of Tanya Alexis G., 273 AD2d 19). The agency properly aimed its diligent efforts at respondent's drug addiction (see, Matter of Michael M., 172 AD2d 152). The child's best interests would be served by freeing her for adoption by her foster parents. Concur—Tom, J. P., Ellerin, Rubin, Saxe and Buckley, JJ.

■ In the Matter of MERIT MANAGEMENT L. L. C., Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents. [718 NYS2d 336] —Judgment, Supreme Court, New York County (Edward Lehner, J.), entered August 26, 1999, which denied petitioner landlord's application to annul respondent DHCR's determination finding a rent overcharge and imposing treble damages, unanimously affirmed, without costs.

The determination that petitioner willfully overcharged rent is rationally supported by evidence that improvements petitioner claims it made to the apartment after the previous tenant moved out and before respondent tenant moved in, and which petitioner claims justified a 1/40th increase in rent, were not made at that time. We reject petitioner's claim that such a finding could not be rationally made without an evidentiary hearing or inspection of the apartment, where petitioner failed to come forward with evidence answering the affidavit of tenant's architect as to the age of the improvements, and the bills petitioner submitted to prove the improvements could be found, as respondent indicated, not to be genuine (see, Matter of Lucot, Inc. v Gabel, 20 AD2d 94, affd 15 NY2d 774). Concur—Tom, J. P., Ellerin, Rubin, Saxe and Buckley, JJ.