■ In the Matter of WEINREB MANAGEMENT, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [744 NYS2d 321] —Judgment, Supreme Court, New York County (Richard Braun, J.), entered May 11, 2001, which denied the petition and dismissed the proceeding brought pursuant to CPLR article 78 to annul a determination of respondent Division of Housing and Community Renewal (DHCR), dated July 20, 2000, affirming the denial of petitioner's application for a major capital improvement (MCI) rent increase, unanimously affirmed, without costs.

Respondent properly denied petitioner's application for an MCI rent increase on the ground that the premises for which the increase was sought was affected with outstanding and unexplained immediately hazardous, i.e., "C," violations (*see*, Rent Stabilization Code [9 NYCRR] § 2522.4 [a] [13]; New York City Housing Maintenance Code [Administrative Code of City of NY] § 27-2115 [d]). Petitioner failed to submit evidence to the DHCR Administrator, either when the matter was initially considered or upon its reconsideration, that all "C" violations had been removed and thus failed to meet its burden to justify the rent increase sought (*see, Matter of Brotherton v State Div. of Hous. & Community Renewal*, 193 AD2d 500). In reaching the challenged determination, respondent properly relied on Department of Housing Preservation and Development inspection reports forwarded to it by petitioner (*see, Matter of 251 W. 98th St. Owners v New York State Div. of Hous. & Community Renewal*, 276 AD2d 265). Finally, respondent's refusal to grant petitioner a conditional increase pursuant to Rent Stabilization Code § 2522.4 (a) (13) was rationally based on the administrative record and, accordingly, constituted a proper exercise of respondent's discretion (*see, Matter of Residential Mgt. v Division of Hous. & Community Renewal*, 234 AD2d 154). Concur—Saxe, J.P., Sullivan, Lerner, Rubin and Friedman, JJ.