■ In the Matter of MOSHE SAMOUHA, Appellant, v COMMISSIONER OF THE NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [765 NYS2d 325] —Judgment, Supreme Court, New York County (William Davis, J.), entered on or about November 13, 2002, which denied petitioner landlord's application to annul respondent New York State Division of Housing and Community Renewal's (DHCR) determination finding a rent overcharge and imposing treble damages, unanimously affirmed, without costs.

The determination that petitioner willfully overcharged rent is rationally supported by evidence that he did not make the improvements he claims he made after the previous tenant moved out and before the present tenant moved in (*see Matter of 985 Fifth Ave. v State Div. of Hous. & Community Renewal*, 171 AD2d 572 [1991], *lv denied* 78 NY2d 861 [1991]; *Matter of Sohn v New York State Div. of Hous. & Community Renewal*, 258 AD2d 384 [1999]; *Matter of Merit Mgt. v New York State Div. of Hous. & Community Renewal*, 278 AD2d 178 [2000]). For purposes of the treble damages award, it does not avail petitioner that the matter was initially decided in his favor only three years after its commencement and then not finally decided against him for another 10 years. As the IAS court stated, the Rent Administrator's initial erroneous decision does not make an overcharge of this nature any less willful. Concur—Buckley, P.J., Nardelli, Mazzarelli, Ellerin and Lerner, JJ.