■ In the Matter of 370 MANHATTAN AVE. Co., L.L.C., Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, and WINNIE STANTON et al., Intervenors-Respondents. [783 NYS2d 38]—

Judgment (denominated an order), Supreme Court, New York

County (Debra A. James, J.), entered July 2, 2003, which dismissed the petition brought pursuant to CPLR article 78 to annul a determination of respondent Division of Housing and Community Renewal (DHCR) denying petitioner major capital improvement (MCI) rent increases, unanimously affirmed, without costs.

Due process did not require DHCR to give petitioner prior notice that it was reopening the matter; it merely required DHCR to notify petitioner of the reopening and give it an opportunity to respond (*see Matter of Dowling v New York State Div. of Hous. & Community Renewal*, 249 AD2d 181, 183 [1998], *lv denied* 93 NY2d 802 [1999]). Petitioner had ample opportunity to be heard in the reopened proceeding.

Petitioner's argument that DHCR acted ultra vires in violation of State Administrative Procedure Act § 203, raised for the first time in its reply papers on appeal, is unpreserved and will not be considered (*see e.g. Gregory v Town of Cambria*, 69 NY2d 655, 656-657 [1986]; *Lumbermens Mut. Cas. Co. v Morse Shoe Co.*, 218 AD2d 624, 626 [1995]).

Petitioner's contention that DHCR violated Policy Statement 90-8 is unavailing. The agency has discretion to either deny an MCI application or grant it conditionally (*see Matter of Residential Mgt. v Division of Hous. & Community Renewal*, 234 AD2d 154 [1996], *lv denied* 90 NY2d 805 [1997]). Petitioner's argument that it is arbitrary and capricious for DHCR not to explain when it will grant an application conditionally (i.e., what criteria it uses) is improperly raised for the first time in its reply papers on appeal (*see Gregory, supra; Lumbermens, supra*).

Petitioner's claim that DHCR Policy Statement 90-8 required an inspection in January 2000 and/or May 2001 is unavailing. The agency has discretion to decide if an inspection is necessary (*see generally Matter of Merit Mgt. L.L.C. v New York State Div. of Hous. & Community Renewal*, 278 AD2d 178 [2000]).

Petitioner's argument that the agency could not consider violations after the date of its MCI application is without merit. Rent Stabilization Code (9 NYCRR) § 2522.4 (a) (13) clearly states that DHCR may consider violations through the date the application is determined. The instant proceeding was properly reopened due to "irregularity in vital matters" (9 NYCRR 2527.8; *see Matter of Atkinson v Division of Hous. & Community Renewal*, 280 AD2d 326, 327 [2001]); hence, petitioner's application was pending until June 8, 2001, when the Rent Administrator denied it. Finally, the existence of violations during the administrative review process is also relevant (*see Matter of 251 W. 98th St. Owners, L.L.C. v New York State Div. of*

*Hous. & Community Renewal,* 276 AD2d 265 [2000]). This is consistent with the policy of the rent laws (*see Matter of Rubin v Eimicke,* 150 AD2d 697, 698 [1989], *lv denied* 75 NY2d 704 [1990]).

DHCR's denial of petitioner's MCI application has a rational basis in the record and, hence, is neither arbitrary nor capricious (*see e.g. Residential Mgt.,* 234 AD2d at 155). The agency was entitled to rely on reports of the New York City Department of Housing Preservation and Development (HPD) showing "C" (immediately hazardous) violations at the premises (*see, e.g., Matter of Weinreb Mgt. v New York State Div. of Hous. & Community Renewal,* 295 AD2d 232 [2002]). It was petitioner's burden to prove that all such violations had been removed (*id.*). While petitioner cured many of the "C" violations listed in the May 2001 HPD report, it did not prove that it had cured all of them.

We have considered petitioner's remaining arguments and find them unavailing. Concur—Tom, J.P., Sullivan, Williams, Lerner and Sweeny, JJ.