■ In the Matter of 1000 LLC, Appellant, v JUDITH CALOGERO, as Commissioner of the New York State Division of Housing and Community Renewal, Respondent, et al., Respondent. [790 NYS2d 117]—

Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered December 10, 2003, which denied petitioner landlord's application to annul respondent Commissioner of the Division of Housing and Community Renewal (DHCR)'s determination setting the legal regulated rent for respondent tenant's apartment, unanimously affirmed, without costs.

The subject apartment automatically became subject to the Rent Stabilization Law as soon as the building in which it is located was deconverted from cooperative ownership in September 1996 (*see Federal Home Loan Mtge. Corp. v New York State Div. of Hous. & Community Renewal*, 87 NY2d 325, 333 [1995], construing Rent Stabilization Code [9 NYCRR] § 2520.11 [*l*]). It appears that in March 1998, four years prior to the filing of the instant rent overcharge complaint, the tenant, who was the former shareholder of the apartment from 1990 until its deconversion, was paying rent of $508 per month, and that she was still

paying that amount at the time she filed the rent overcharge complaint in March 2002. It further appears that the tenant filed the overcharge complaint because the landlord was insisting that she sign a lease for $675 per month and was returning her checks for $508, and that in May 2002, shortly after she filed the rent overcharge complaint, she signed a lease for $675, and started paying that amount, upon advice from DHCR that such would not prejudice her position in the rent overcharge proceeding. The landlord asserts that it had requested guidance from DHCR on setting rents after it purchased the building in 1996 (*see id.* at 336, citing 9 NYCRR 2522.6 [a]), but received no response, and argues that under amendments to 9 NYCRR 2520.11 (*l*) (eff Dec. 2000), the initial regulated rent is the $675 that the tenant agreed to in the lease she signed in May 2002. DHCR counters that where a deconverted apartment has been subject to the Rent Stabilization Law for more than four years when a tenant files an overcharge complaint, and thus has at least a four-year rent history, the initial regulated rent should be set not by reference to the regulations specifically pertaining to the setting of rents after a deconversion, but to generally applicable regulations setting initial rent by reference to the "base date," i.e., the date four years prior to the date the rent overcharge complaint is filed (citing 9 NYCRR 2520.6 [e], [f] [1]; 2526.1 [a] [3] [i]). According to DHCR, such is necessary in order to prevent unreasonable increases in rent and other disruptive practices (citing Rent Stabilization Law of 1969 [Administrative Code of City of NY] § 26-501).

DHCR's determination, which is based on its interpretation of competing regulations and the policy objectives of the Rent Stabilization Law, is not unreasonable, and therefore should not be disturbed (*see Matter of Salvati v Eimicke*, 72 NY2d 784, 791 [1988]). It does not avail the landlord that the tenant eventually signed a lease (9 NYCRR 2520.13); or that a rent administrator issued a prior unreviewed order that supports its position (*see Matter of 251 W. 98th St. Owners v New York State Div. of Hous. & Community Renewal*, 276 AD2d 265 [2000]); or that the landlord's requests for guidance were disregarded by DHCR where there is no showing that the requests were in writing (9 NYCRR 2522.6 [a]). We have considered the landlord's other arguments and find them unavailing. Concur—Buckley, P.J., Tom, Saxe, Friedman and Sweeny, JJ.