■ In the Matter of WEINREB MANAGEMENT, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, and ALLEN COHEN, Intervenor-Respondent. [807 NYS2d 22]—

Judgment, Supreme Court, New York County (Herman Cahn, J.), entered June 3, 2004, which denied petitioner's application to annul the determination of respondent Division of Housing and Community Renewal (DHCR) denying petitioner a major capital improvement rent increase, and dismissed the petition, unanimously affirmed, without costs.

The Rent Administrator's issuance of an order almost six months after she had requested information from petitioner, and after petitioner had obtained five extensions, was not arbitrary and capricious (*cf. Matter of Dworman v New York State Div. of Hous. & Community Renewal*, 94 NY2d 359, 375 [1999] [five-month delay cannot fairly be characterized as de minimis]; *Matter of IG Second Generation Partners v New York State Div. of Hous. & Community Renewal*, 294 AD2d 300, 303-304 [2002], *lv denied* 99 NY2d 503 [2002] [landlord's history of delay, not just last request for an extension, should be considered in determining whether refusal of extension was rational]) or a violation of due process (*see e.g. Matter of E.G.A. Assoc. v New York State Div. of Hous. & Community Renewal*, 232 AD2d 302 [1996]). While it appears that all of petitioner's requests for an extension had stated, "Unless I hear from you to the contrary, I will assume this extension of time is acceptable," petitioner should not have assumed that the Rent Administrator had granted its sixth request for an extension simply because, as with the first five, she did not respond thereto (*see Matter of Boulevard Tenants Corp. v New York State Div. of Hous. & Community Renewal*, 264 AD2d 444 [1999]). While DHCR should have sent petitioner the answers that the tenants filed on the petition for administrative review (Rent Stabilization Code [9 NYCRR] § 2529.5), its failure to do so was not a violation of due process since DHCR's determination to deny a rent increase did not depend on any new arguments made by the tenants in their

answers. Rather, the determination was entirely, and rationally, based on records of the City Department of Housing Preservation and Development (HPD) showing "C" (immediately hazardous) violations and on petitioner's failure to adduce evidence that such violations had been removed (*see Matter of 370 Manhattan Ave. Co., L.L.C. v New York State Div. of Hous. & Community Renewal*, 11 AD3d 370, 372 [2004]; *Matter of Weinreb Mgt. v New York State Div. of Hous. & Community Renewal*, 295 AD2d 232 [2002]). Petitioner's evidence that it had cured the "C" violations before it had applied for the rent increase, and that its delay in responding to the Rent Administrator's request for additional information was due to its then ongoing efforts to clear HPD's records of the "C" violations, was improperly submitted for the first time in the CPLR article 78 proceeding, and therefore cannot be considered (*see Matter of Brotherton v State Div. of Hous. & Community Renewal*, 193 AD2d 500, 502 [1993]). Concur—Buckley, P.J., Mazzarelli, Andrias, Saxe and Sullivan, JJ.