■ In the Matter of BELNORD REALTY ASSOCIATES, L.P., Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, and DARRYL ROMANOFF, Intervenor-Respondent. [833 NYS2d 431]—

Judgment, Supreme Court, New York County (Edward H. Lehner, J.), entered April 19, 2006, which dismissed the petition brought pursuant to CPLR article 78 to annul the determinations of respondent Division of Housing and Community Renewal (DHCR) revoking the order deeming petitioner eligible for a maximum base rent (MBR) increase for the 2002-2003 cycle, and recalculating the rent of tenant Amalie Zahler in accordance with such order of revocation, unanimously affirmed, without costs.

It was within the broad authority of respondent DHCR to determine whether the proof offered by petitioner bearing upon its purported correction of Code violations was sufficient to demonstrate that it had timely corrected all rent-impairing violations and 80% of all other violations (*see Matter of Brusco W. 78th St. Assoc. v State of N.Y. Div. of Hous. & Community Renewal*, 281 AD2d 165 [2001]). DHCR's determination that petitioner's proof was insufficient was not irrational (*see id.*). Petitioner relied solely upon the conclusory affidavit of an engineer, from which it was impossible to discern when the violations in question had been corrected. As such, it was impossible to determine whether the violations had been corrected six months before the effective date for the MBR cycle at issue, as is required under the statute and regulations. While petitioner claims that it was DHCR's "practice" to accept affidavits from engineers that did not specify the dates on which repairs had been made, the governing statute and regulations mandate that an owner certify that violations have been corrected six months prior to the MBR effective date. We also note that an issue had been raised as to the timeliness of the correction of the violations.

That DHCR's MBR Unit may have issued a prior, unreviewed order of eligibility involving the subject building, based on a similar affidavit of the engineer, does not avail petitioner (*see Matter of 1000 LLC v Calogero*, 16 AD3d 106, 107 [2005]; *Matter of 251 W. 98th St. Owners v New York State Div. of Hous. & Community Renewal*, 276 AD2d 265 [2000]).

Petitioner's contention that it did not have an adequate opportunity to submit evidence is without support in the record.

Finally, petitioner was not deprived of due process because Zahler's petition for administrative review (PAR) was granted in part based on revocation of the order of eligibility for the 2002-2003 MBR. The logical consequence of the revocation was

that rent would need to be recalculated for all rent-controlled tenants of the subject building. Petitioner was already on notice, by virtue of revocation of the order of eligibility, that it would need to refund excess rents. Due process did not require that it be separately notified that Zahler's rent was to be recalculated in accordance with the order.

We have considered petitioner's remaining arguments and find them unavailing. Concur—Andrias, J.P., Friedman, Marlow, Williams and Catterson, JJ.