■ In the Matter of MARLENE SCHER, Individually and as President of Campus Hall Association of Tenants, Inc., Appel-

lant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents. GEORGETOWN UNSOLD SHARES, LLC, Intervenor-Respondent. [916 NYS2d 777]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Division of Housing and Community Renewal dated December 4, 2008, which denied a petition for administrative review and confirmed an order of the Rent Administrator dated June 2, 1995, which, upon reconsideration of a prior determination dated October 24, 1989, granted an application for a major capital improvement rent increase, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Mayersohn, J.), dated May 28, 2009, which, inter alia, denied her petition and dismissed the proceeding.

Ordered that the order and judgment is affirmed, with one bill of costs.

The determination of the New York State Division of Housing and Community Renewal (hereinafter the DHCR) denying the petition for administrative review and confirming the Rent Administrator's grant of a major capital improvement rent increase was not arbitrary and capricious and was supported by a rational basis in the record (*see* Rent Stabilization Code [9 NYCRR] § 2522.4; *Matter of Ansonia Residents Assn. v New York State Div. of Hous. & Community Renewal*, 75 NY2d 206 [1989]).

Contrary to the petitioner's contention, the tenants were not deprived of due process, as they were notified of the reopened proceeding and given an opportunity to respond (*see Matter of 370 Manhattan Ave. Co., L.L.C. v New York State Div. of Hous. & Community Renewal*, 11 AD3d 370 [2004]; *Matter of Dowling v New York State Div. of Hous. & Community Renewal*, 249 AD2d 181, 183 [1998]; *see also Matter of DeSilva v New York State Div. of Hous. & Community Renewal Off. of Rent Admin.*, 34 AD3d 673, 674 [2006]; *Matter of Rubin v Eimicke*, 150 AD2d 697, 698 [1989]). Further, there is no evidence in the record that the petitioner made any request of the DHCR that it make available to the petitioner a copy of the additional supporting documentation submitted by the applicant to the DHCR at the DHCR's request (*see* Rent Stabilization Code [9 NYCRR] § 2527.3 [a] [2]).

The petitioner's remaining contentions are without merit. Skelos, J.P., Dickerson, Belen and Lott, JJ., concur.