■ In the Matter of 219 EAST 69TH STREET TENANTS ASSOCIATION et al., Appellants, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, and 219 EAST 69TH STREET, LLC, Intervenor-Respondent. [926 NYS2d 291]—

Contrary to petitioners' contention, the record before DHCR permitted it to rationally and reasonably find that, other than seven apartments where defective window installations were found, the remaining apartments were subject to an MCI rent increase based on the window installations (*compare Matter of Ansonia Residents Assn. v New York State Div. of Hous. & Community Renewal*, 75 NY2d 206 [1989], *with Matter of Weinreb Mgt. v New York State Div. of Hous. & Community Renewal*, 305 AD2d 207 [2003]). DHCR providently exercised its discretion in attempting to inspect only those apartments identified by petitioners as having defective window installations (*see Matter of 370 Manhattan Ave. Co., L.L.C. v New York State Div. of Hous. & Community Renewal*, 11 AD3d 370, 371 [2004]). Contrary to petitioners' contention, there was no court order requiring DHCR to perform more inspections. Concur—Andrias, J.P., Sweeny, Renwick, Freedman and Manzanet-Daniels, JJ. **[Prior Case History: 2010 NY Slip Op 30176(U).]**