■ In the Matter of FIELDBRIDGE ASSOCIATES, LLC, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [927 NYS2d 918]—

The determination of the Division of Housing and Community Renewal (hereinafter DHCR) to uphold a revocation of the petitioner's major capital improvements (hereinafter MCI) rent increase had a rational basis in the record and was not arbitrary and capricious (*see Matter of 41-42 Owners Corp. v New York State Div. of Hous. & Community Renewal*, 295 AD2d 348 [2002]; *see also Matter of 370 Manhattan Ave. Co., L.L.C. v New York State Div. of Hous. & Community Renewal*, 11 AD3d 370, 372 [2004]; *cf. Matter of Gilman v New York State Div. of Hous. & Community Renewal*, 99 NY2d 144 [2002]; *Matter of Horowitz v State of N.Y. Div. of Hous. & Community Renewal*, 277 AD2d 382 [2000]). Contrary to the petitioners' contention, the DHCR properly considered evidence submitted by the tenants that there were outstanding class "C" (immediately hazardous) violations at the subject building, which evidence was not before the Rent Administrator on the original MCI rent increase application. The DHCR rationally determined that the evidence, which had been submitted before the remittal to the Rent Administrator to reconsider her prior order granting MCI rent increases, was part of the administrative record and within the scope of administrative review (*see* Rent Stabilization Code [9 NYCRR] § 2529.6; *Matter of 41-42 Owners Corp. v New York State Div. of Hous. & Community Renewal*, 295 AD2d 348 [2002]).

Further, it was the petitioner's burden to prove that all such class "C" violations had been removed (*see Matter of 370 Manhattan Ave. Co., L.L.C. v New York State Div. of Hous. & Community Renewal*, 11 AD3d at 372). This, the petitioner failed to do.

The petitioner's remaining contentions are without merit. Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Mastro, J.P., Chambers, Austin and Cohen, JJ., concur.