Judgment, Supreme Court, New York County (Peter H. Moulton, J.), entered April 12, 2012, denying the petition to annul the determination of respondent New York State Division of Housing and Community Renewal (DHCR), dated July 14, 2011, which granted intervenor-respondent owner’s application for a major capital improvement (MCI) rent increase based upon the installation of new windows, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
DHCR’s finding, that other than a few apartments where defective window installations were found, the remaining apartments were subject to an MCI rent increase based on the window installations, was rational (see Matter of Ansonia Residents Assn. v New York State Div. of Hous. & Community Renewal, 75 NY2d 206, 213-214 [1989]). The record contains no objective evidence of pervasive defects and thus no basis to deny the rent increase (see Matter of Langham Mansions, LLC v New York State Div. of Hous. & Community Renewal, 76 AD3d 855, *468 858 [1st Dept 2010]). Moreover, DHCR providently exercised its discretion in inspecting only those apartments identified by petitioner in the earlier rounds of testing as having defective window installations (see Matter of 219 E. 69th St. Tenants Assn. v New York State Div. of Hous. & Community Renewal, 86 AD3d 434 [1st Dept 2011]).
We have considered petitioner’s remaining contentions and find them unavailing. Concur — Mazzarelli, J.P., Sweeny, Moskowitz, Manzanet-Daniels and Gische, JJ.