■ In the Matter of JACKSON HEIGHTS 35, LLC, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. IVAN GALLARDO et al., Intervenors-Respondents. [7 NYS3d 329]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Deputy Commissioner of the New York State Division of Housing and Community Renewal dated March 23, 2012, disallowing certain costs claimed by the petitioner in connection with its application for a major capital improvement rent increase and granting the application only to the extent of granting a monthly rent increase in the amount of $9.74 per room, the petitioner appeals from a judgment of the Supreme Court, Queens County (Lopresto, J.), entered December 28, 2012, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

In 2008, the petitioner, which owns a building containing 32 rent-regulated units in Jackson Heights, Queens, applied to the New York State Division of Housing and Community Renewal (hereinafter the DHCR) for a major capital improvement (hereinafter MCI) rent increase following work to the building, which included "pointing, parapet, roof, entrance door and roof door." The building has eight apartment units on each of four floors. Two inspections were performed.

In an "Order Granting MCI Rent Increase" dated March 5, 2010, the Rent Administrator determined that the work constituted an MCI. However, the Rent Administrator disallowed costs associated with asbestos work and permit fees.

The tenants filed a petition for administrative review (hereinafter PAR), asserting, among other things, that the roof installation had not been completed in a workmanlike manner, as evidenced by leak damage on the ceilings of the top floor apartments. The DHCR denied the portion of the PAR which sought to exclude the roof installation costs and granted the portion which sought to exclude the cost of the roof railing.

Thereafter, the tenants and the petitioner jointly commenced a proceeding pursuant to CPLR article 78 to review the DHCR's determination. The DHCR agreed to reopen the administrative proceeding to consider whether the roof railing should be included, or whether all of the roof work should be excluded from the MCI amount, and a third inspection was performed.

In an "Order and Opinion Granting-In-Part Petition for Administrative Review Upon Remit" dated March 23, 2012, the DHCR found that the roof was not installed in a workmanlike manner, which manifested, "as would be expected," in the top floor apartments.

The petitioner then commenced this proceeding pursuant to CPLR article 78 to review the DHCR's determination. The Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals, and we affirm.

The determination of the DHCR to provide for a smaller MCI rent than that requested by the petitioner had a rational basis in the record and was not arbitrary and capricious (*see Matter of Fieldbridge Assoc., LLC v New York State Div. of Hous. & Community Renewal*, 87 AD3d 598, 599 [2011]; *Matter of Ellis v Division of Hous. & Community Renewal of State of N.Y.*, 45 AD3d 594, 595 [2007]; *Matter of Pickman Realty Corp. v New York State Div. of Hous. & Community Renewal*, 299 AD2d 552, 553 [2002]).

The petitioner was not deprived of due process of law by virtue of not having received the report from the third inspection (*see Matter of Terrace Ct., LLC v New York State Div. of Hous. & Community Renewal*, 79 AD3d 630, 633 [2010], *affd* 18 NY3d 446 [2012]; *Matter of Empress Manor Apts. v New York State Div. of Hous. & Community Renewal*, 147 AD2d 642, 643 [1989]).

The petitioner's remaining contentions are without merit.

Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Rivera, J.P., Dickerson, Chambers and Barros, JJ., concur.