Matter of 495 Estates v New York State Div. of Hous. & Community Renewal (2023 NY Slip Op 00720)

Matter of 495 Estates v New York State Div. of Hous. & Community Renewal

2023 NY Slip Op 00720

Decided on February 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 09, 2023

Before: Kern, J.P., Singh, Shulman, Pitt-Burke, Higgitt, JJ. 

Index No. 158723/20 Appeal No. 17269 Case No. 2022-00264 

[*1]In the Matter of 495 Estates, Petitioner-Respondent,
v
New York State Division of Housing and Community Renewal, Respondent-Appellant.

Mark F. Palomino, New York State Division of Housing and Community Renewal, New York (Jason G. Parpas of counsel), for appellant.
Cutler Minkes & Adelman LLP, New York (Jonathan Z. Minikes of counsel), for respondent.

Judgment (denominated an order), Supreme Court, New York County (Eileen A. Rakower, J.), entered July 14, 2021, granting the petition to annul the determination of respondent New York State Division of Housing and Community Renewal (DHCR), dated August 20, 2020, which affirmed the Rent Administrator's order to the extent it granted the tenant's application for a rent reduction based on the placement of gas pipes in the tenant's living room, and remanding the matter to DHCR for reconsideration of the rent reduction anew, unanimously reversed, on the law, without costs, the petition denied, and the proceeding brought pursuant to CPLR article 78 dismissed.
DHCR's determination that petitioner's installation of new exposed gas pipes in the tenant's living room resulted in a loss of dwelling space that warranted a rent reduction had a rational basis and was not arbitrary and capricious (see Matter of Lite View, LLC v New York State Div. of Hous. & Community Renewal, 97 AD3d 105, 108 [1st Dept 2012]). The determination was supported by an inspector's report and photographs of the condition (see Matter of 247-253 W. 116 LLC v New York State Div. of Hous. & Community Renewal, 178 AD3d 482, 482 [1st Dept 2019]). DHCR rationally concluded that the effect of the loss of living space on the tenant's use and enjoyment of the premises was not de minimis in that the configuration of the exposed gas pipes would require tenant to take precautions to avoid any type of impact that could potentially cause a dangerous gas leak (see 9 NYCRR 2523.4 [e]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 9, 2023