Matter of 495 Estates v New York State Div. of Hous. & Community Renewal (2023 NY Slip Op 01471)

Matter of 495 Estates v New York State Div. of Hous. & Community Renewal

2023 NY Slip Op 01471

Decided on March 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 21, 2023

Before: Manzanet-Daniels, J.P., Singh, Kennedy, Shulman, JJ. 

Index No. 150237/21 Appeal No. 17557 Case No. 2022-04329 

[*1]In the Matter of 495 Estates, Petitioner-Appellant,
v
New York State Division of Housing and Community Renewal, Respondent-Respondent.

Cutler Minikes & Adelman LLP, New York (Jonathan Minikes of counsel), for appellant.
Mark F. Palomino, New York State Division of Housing and Community Renewal, New York (Jason G. Parpas of counsel), for respondent.

Judgment (denominated an order), Supreme Court, New York County (Alexander Tisch, J.), entered March 23, 2022, denying the petition brought pursuant to CPLR article 78 to annul the determination of respondent New York State Division of Housing and Community Renewal (DHCR), dated November 12, 2020, which denied the owner's petition for administrative review and affirmed the Rent Administrator's order granting the tenant's application for a rent reduction based on the placement of an exposed gas riser in the tenant's living room, unanimously affirmed, without costs.
DHCR's determination that the decrease in living space resulting from the installation of a new exposed gas riser, previously installed inside a wall, in the tenant's living room was not de minimis and warranted a rent reduction was not arbitrary and capricious (see CPLR 7803[3]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]). DHCR properly relied on photographs of the riser and the inspector's report finding that the pipe obstructed the living area (see Matter of 495 Estates v New York State Div. of Hous. & Community Renewal, — AD3d —, 2023 NY Slip Op 00720 [1st Dept 2023]; Matter of 219 W. 81st Residential Holdings, LLC v New York State Div. of Hous. & Community Renewal, 193 AD3d 444, 444 [1st Dept 2021]). Petitioner's contention that DHCR failed to adhere to its prior precedents is unavailing, as the two matters it cited are factually distinguishable. As Supreme Court concluded, the fact that the pipe was installed in accordance with plans approved by the Department of Buildings is irrelevant to DHCR's enforcement of the rent stabilization laws (see Matter of KSLM-Columbus Apts. v New York State Div. of Hous. & Community Renewal, 6 AD3d 28, 29 [1st Dept 2004], affd as mod 5 NY3d 303 [2005]; Matter of Sherman v Commissioner, N.Y. State Div. of Hous. & Community Renwal, 210 AD2d 486 [2d Dept 1994]).
Petitioner's due process rights were not violated by DHCR's failure to provide it with a copy of the DHCR inspector's report for review prior to the administrative determination, as the report merely confirmed information that was already available to petitioner (see Matter of Terrace Ct., LLC v New York State Div. of Hous. & Community Renewal, 79 AD3d 630, 633 [1st Dept 2010], affd 18 NY3d 446 [2012];
Matter of Empress Manor Apts. v New York State Div. of Hous. & Community Renewal, 147 AD2d 642, 643 [2d Dept 1989]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 21, 2023