■ Simon V. Haberman, Doing Business as Orwell Management, Appellant, v David S. Singer et al., Respondents. [710 NYS2d 64] —Orders, Supreme Court, New York County (Louise Gruner Gans, J.), entered on or about July 12, 1999 and October 22, 1999, respectively, which, to the extent appealed from as limited by the brief, dismissed that portion of the complaint as demanded rent arrears due and owing for the period September 1983 through August 1991 and denied plaintiff's cross motion for summary judgment, unanimously affirmed, with costs.

In 1983, the Conciliation and Appeals Board directed plaintiff to tender a rent-stabilized lease to defendants. Notwithstanding the dismissal of his appeals, plaintiff failed to comply with the order until 1996. He now seeks to recover back rent for the period between 1983 and 1991, even though he failed to tender a rent-stabilized lease during that time and refused during the same period to accept the legal rent tendered by defendants. Plaintiff bases his claim on Rent Stabilization Code (9 NYCRR) § 2523.5 (d) which provides that, "the failure to offer a renewal lease pursuant to this section shall not deprive the *tenant* of

any protections or rights provided by the RSL and this Code and the *tenant shall continue to have the same rights as if the expiring lease were still in effect*" (emphases added). As found by the IAS Court, this provision expressly protects the tenant who has not received a lease but offers no comparable protection to the non-complying landlord. Although, as a general rule, the terms of a rent-regulated tenancy survive the expiration of the original lease, the rent amount and the duration of the new term are not projected into the statutory tenancy (*see, Cecere v Pegler*, 90 NYS2d 528), and the general rule does not support the proposition that a non-complying landlord may nevertheless rely on section 2523.5 (d), which preserves only the rights of the tenant in the case of non-renewal to recover back rent.

Plaintiff correctly contends that the Rent Stabilization Code does not give tenants the right to live rent-free and that they are entitled to occupancy so long as they pay the legal rent. However, whatever remedies a landlord may have for collecting back rent, they are not contained in section 2523.5 (d). Plaintiff is not precluded from claiming back rent on an alternative basis, such as quantum meruit, as he did in a separate action between the parties. Since the instant complaint failed to plead an existing lease or other agreement or any other basis for the rent claimed, the portion of the action seeking back rent from September 1983 to August 1991, when no lease was in existence, was properly dismissed. Concur—Williams, J. P., Tom, Ellerin, Andrias and Saxe, JJ.