■ In the Matter of WAVERLY PLACE ASSOCIATES, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [739 NYS2d 372] —Order, Supreme Court, New York County (James Yates, J.), entered July 25, 2001, which denied petitioner landlord's application to annul respondent State Division of Housing and Community Renewal's (DHCR) determination in a fair market rent appeal, unanimously affirmed, without costs.

It appears that after the landlord served its answer to the tenant's administrative complaint, there was total inactivity

for almost five years due to administrative delay. When the Rent Administrator took the matter up again by forwarding to the tenant a revised version of the complaint form, she failed to respond, whereupon the Rent Administrator dismissed the proceeding. The Rent Administrator then revoked such dismissal after the tenant filed a PAR attributing her failure to respond to her being out of town for several months tending to an ill parent. DHCR has discretion to accept late filings upon a showing of good cause at any stage of a proceeding, "that is, at any point before the Commissioner has entered a final order dismissing the PAR" (*Matter of Dworman v New York State Div. of Hous. & Community Renewal*, 94 NY2d 359, 373-374). We reject the landlord's claim that DHCR abused such discretion in accepting the tenant's excuse of an ill parent without some kind of documentary corroboration. Nor do we consider it of consequence that DHCR justified its reopening of the proceeding not as an exercise of discretion under 9 NYCRR 2527.5 (d) to excuse a late filing but rather as an exercise of discretion under 9 NYCRR 2527.8 to revoke an order that resulted from an "irregularity in [a] vital matter[ ]," here, ostensibly, a denial of due process. There is no merit to the landlord's claim that the matter should be remanded to DHCR for a new decision applying an amendment to 9 NYCRR 2522.3 (e), relating to evidence of comparability that may be considered in a fair market rent appeal, that did not become effective until after DHCR issued the determination now under review (*cf., Matter of St. Vincent's Hosp. & Med. Ctr. v New York State Div. of Hous. & Community Renewal*, 109 AD2d 711, *affd* 66 NY2d 959; 9 NYCRR 2527.7, 2529.10). Concur—Williams, P.J., Nardelli, Andrias, Sullivan and Friedman, JJ.