(October 15, 2002)

■ In the Matter of CLASSIC REALTY LLC, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [748 NYS2d 148] —Judgment, Supreme Court, Bronx County (Janice Bowman, J.), entered May 16, 2001, which denied the petition brought pursuant to CPLR article 78 to annul that portion of a determination of respondent New York State Division of Housing and Community Renewal (DHCR) affirming so much of the Rent Administrator's order as ordered rent abatements for failure to maintain services, unanimously affirmed, without costs.

Petitioner is the managing agent for Skyview Holdings LLC (together with its predecessor, Elad/HG Skyview Inc. [Skyview]). The rent reduction assessed against it is based on

Skyview's failure to maintain two ancillary services, namely, a garage and mini-bus service.

Petitioner's arguments for annulment of the challenged portion of the determination at issue are unavailing. The amendment to Rent Stabilization Code (9 NYCRR § 2523.4 (f) (1), which became effective only subsequent to the agency determination under review, does not warrant a remand (*see Matter of Waverly Place Assoc. v New York State Div. of Hous. & Community Renewal*, 292 AD2d 211, 212). Nor is there merit to petitioner's contention that its former representative was entitled to notice of DHCR's inspections (*see e.g. Matter of Empress Manor Apts. v New York State Div. of Hous. & Community Renewal*, 147 AD2d 642, 643). While Skyview's former representative was entitled to notice of the agency's hearings and the agency appears to have sent its notice to an outdated address, this error was harmless since Skyview was represented by an attorney at the hearings.

The record contains sufficient evidence of Skyview's control over the mini-bus schedule and conditions in the garage to sustain the determinations against it. "The question of what constitutes a required service and whether such service [i]s being maintained [i]s a factual issue to be determined by" DHCR (*Matter of Missionary Sisters of Sacred Heart v Division of Hous. & Community Renewal*, 288 AD2d 16, 17; *see Matter of ANF Co. v Division of Hous. & Community Renewal*, 176 AD2d 518, 520). The agency's findings that mini-bus service had been reduced, that the reductions were not de minimis, and that garage service was not being maintained because of bumps on the garage floor that constituted a trip hazard, have a rational basis. They therefore should be upheld (*see Matter of Oriental Blvd. Co. v New York City Conciliation & Appeals Bd.*, 92 AD2d 470, *affd* 60 NY2d 633). While DHCR should not have reduced the rent based on a condition about which the tenants did not complain, namely, metal sheets in the garage, the agency's determination that garage service had been reduced could properly have been based on the hazardous bumps on the garage floor alone. Therefore, the agency's error with respect to the metal sheets does not warrant any change in the determination under review. Concur—Williams, P.J., Nardelli, Saxe, Sullivan and Friedman, JJ.