■ In the Matter of PABLO LLORENTE et al., Appellants, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [792 NYS2d 20]—

Order, Supreme Court, New York County (Kibbie F. Payne, J.), entered December 3, 2003, which denied the application and dismissed the petition brought pursuant to CPLR article 78 seeking to annul respondent's determination reducing the rent of a complaining tenant, unanimously affirmed, without costs.

From the time the complaining tenant took occupancy in 1994 until February 2000, she enjoyed the use of both the basement laundry facilities and the backyard, where she planted flowers and sat outside in the warmer months. Petitioner owners discontinued these services on the grounds that the laundry services had been provided by a former superintendent as his own business without owner authorization, and that there was nothing in the tenant's lease authorizing the use of the backyard.

In these circumstances, the laundry room facilities and backyard access could be found to fall within the definition of required "ancillary services" (see Rent Stabilization Code [9 NYCRR] § 2520.6 [r] [3]). It is undisputed that the offer of those services induced the complaining tenant to sign her initial lease. Those services were continuously provided by petitioners or their agent (the superintendent) and enjoyed by the tenant for the first six years of her occupancy. When they were terminated, she applied for a rent reduction (see Rent Stabilization Law of 1969 [Administrative Code of City of NY] § 26-514). Based on the foregoing, as well as respondent's two inspections of the premises, the administrative determination in the tenant's favor was rationally based (Matter of Colton v Berman, 21 NY2d 322 [1967]). Concur—Buckley, P.J., Tom, Saxe, Friedman and Sweeny, JJ.