■ SPENCER MEIROWITZ, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [814 NYS2d 56]—

Order, Supreme Court, New York County (Rolando T. Acosta, J.), entered April 22, 2005, which denied the petition seeking to annul a determination affirming an order of the Rent Administrator that access to the backyard was not a service the owner was required to maintain for her tenant, unanimously affirmed, without costs.

Petitioner tenant asserted that he was entitled to use the backyard garden merely because he had already used it openly and notoriously for an extended period of time without any written prohibition, i.e., a lease. The relevant inquiry is whether access to the backyard is a required service within the meaning of the law (*Charles H. Greenthal & Co. v 301 E. 21st St. Tenants' Assn.*, 91 AD2d 934, 935 [1983]; *see* Rent Stabilization Code [9 NYCRR] § 2520.6 [r]; Rent Stabilization Law of 1969 [Administrative Code of City of NY] § 26-514).

Petitioner's admission that his only access to the yard was through a window belied the inference that such access was a service affirmatively provided by the landlord (*cf. Matter of Llorente v New York State Div. of Hous. & Community Renewal*, 16 AD3d 105 [2005]). There is no basis for disturbing the credibility determinations of the Administrative Law Judge who heard the testimony of the owner and the superintendent (*see Matter of Oriental Blvd. Co. v New York City Conciliation & Appeals Bd.*, 92 AD2d 470 [1983], *affd* 60 NY2d 633 [1983]; *Fresh Meadows Assoc. v Conciliation & Appeals Bd.*, 88 Misc 2d 1003, 1004 [1976], *affd* 55 AD2d 559 [1976], *affd* 42 NY2d 925 [1977]) that petitioner was repeatedly instructed not to use the backyard. Nor does petitioner's insistence that the owner should have provided a lease warrant a different outcome. Respondent's finding that lack of a lease was irrelevant to this proceeding was rational, inasmuch as its procedures allow for a separate proceeding if a tenant believes he is entitled to a lease. More significantly, even if petitioner had a lease for the premises, the analysis would be the same unless the lease expressly provided for or excluded use of the yard (*cf. Washburn v 166 E. 96th St. Owners Corp.*, 166 AD2d 272 [1990]). Concur—Buckley, P.J., Marlow, Sullivan, Gonzalez and Sweeny, JJ.