People v Mais (2019 NY Slip Op 00005)





People v Mais


2019 NY Slip Op 00005


Decided on January 3, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 3, 2019

109030

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
EVERROD MAIS, Also Known as DIZZ, MITCH, YB and YOUNGBLOOD, Appellant.

Calendar Date: November 20, 2018

Before: Garry, P.J., Mulvey, Aarons, Rumsey and Pritzker, JJ.


Matthew A. Toporowski, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from a judgment of the Supreme Court (Milano, J.), rendered September 15, 2016 in Schenectady County, convicting defendant upon his plea of guilty of the crimes of criminal sale of a controlled substance in the third degree and criminal possession of a weapon in the second degree.
In full satisfaction of two indictments charging him with various crimes, defendant pleaded guilty to criminal sale of a controlled substance in the third degree and criminal possession of a weapon in the second degree and waived his right to appeal. Supreme Court thereafter sentenced defendant to the agreed-upon aggregate prison term of eight years, to be followed by three years of postrelease supervision. Defendant appeals, and we affirm.
Defendant claims that his guilty plea and waiver of the right to appeal were involuntary due to the effects from the prescription sleep aid that he had consumed the night prior to entering the plea and executing the appeal waiver. Initially, we reject defendant's contention that his waiver of appeal was involuntary. Although defendant had previously taken the prescription medication, the transcript of his plea allocution demonstrated that he was lucid, rational and able to understand the consequences of his actions (see People v Carbone, 101 AD3d 1232, 1234 n [2012]; People v Riley, 97 AD3d 982, 983 [2012], lv denied 20 NY3d 935 [2012]; People v Gomez, 72 AD3d 1337, 1338 [2010]).
Defendant's challenge to the voluntariness of his guilty plea survives his valid appeal waiver but was not preserved for our review as the record does not disclose that he made an appropriate postallocution motion (see People v Milligan, 165 AD3d 1347, 1347 [2018]; People v Sumter, 157 AD3d 1125, 1125 [2018]). Moreover, the narrow exception to the preservation rule is inapplicable because defendant did not make any statements during the plea colloquy that [*2]were inconsistent with his guilt (see People v Milligan, 165 AD3d at 1347; People v Sumter, 157 AD3d at 1126). Finally, although defendant's ineffective assistance of counsel claim survives the appeal waiver to the extent that it implicates the voluntariness of his plea, the absence of an appropriate postallocution motion renders it unpreserved for our review (see People v Sumter, 157 AD3d at 1126; People v Baxter, 154 AD3d 1010, 1011 [2017]).
Garry, P.J., Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.