## 448-452 W. 57 Assoc. LLC v Ghali

2024 NY Slip Op 31294(U)

April 15, 2024

Civil Court of the City of New York, New York County

Docket Number: Index No. LT-312110-22/NY

Judge: Tracy E. Ferdinand

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

Civil Court of the City of New York
County of New York
Part: Part H, Room: 830
Date: October 27, 2024

Index #: **LT-312110-22/NY**
Motion Seq #: 4

**Decision/Order**

448-452 West 57 Associates LLC
         Petitioner(s)
   -against-
Peter Ghali
         Respondent(s)

**Present:** Tracy E. Ferdinand
Judge

Recitation, as required by CPLR 2219(A), of the papers considered in the review of this Motion for:
**Dismiss**

| PAPERS | NUMBERED |
|---|---|
| Notice of Motion and Affidavits/Affirmations Annexed | 1 |
| Order to Show Cause and Affidavits/Affirmations Annexed | |
| Answering Affidavits/Affirmations | 2 |
| Replying Affidavits/Affirmations | 3 |
| Exhibits | |
| Stipulations | |
| Other _Verified Amended Answer | 4 |

Upon the foregoing cited papers, the Decision/Order in this Motion is as follows:

This summary non-payment proceeding was commenced seeking rent arrears for the premises known as 448 West 57th Street ("Building") apartment 5C ("Apartment"). (*NYSCEF Doc. No. 1-3*). Respondent, represented by counsel, interposed an answer asserting several defenses and counterclaims including rent overcharge. (*NYSCEF Doc. No. 4*).

Respondent initially moved for discovery on his defense and counterclaim of rent overcharge. (NYSCEF Doc. No. 5-10). Petitioner opposed and cross-moved to amend the Petition to reflect the Apartment is exempt from rent control or rent stabilization. (*NYSCEF Doc. No. 13-16*).

By Decision/Order dated August 28, 2023, the court granted Petitioner's motion to amend, directed Respondent to serve and file and amended answer, and denied Respondent's discovery motion with leave to renew based upon the claims and defenses asserted in the new pleadings. (*NYSCEF Doc. No. 28*). Respondent timely filed an amended answer (*NYSCEF Doc. 40*).

Respondent now moves for summary judgment dismissing the Petition on the ground that "the lack of an existing rental agreement at commencement of this proceeding" precludes Petitioner's ability to maintain this non-payment proceeding. (*NYSCEF Doc. 23-26*). Petitioner opposes. (*NYSCEF Doc. No. 29-35*).

*DISCUSSION*

It is axiomatic that summary judgment is a drastic remedy and should not be granted where there is any doubt about the existence of a triable issue. (*Rotuba Extruders Inc. v Ceppos*, 46 N.Y.2d 223 [1979]). It is incumbent upon the movant to establish their cause of action or defense showing an entitlement to judgment as a matter of

[* 1]

law, by tender of evidentiary proof in admissible form. *(Zuckerman v City of New York,* 49 N.Y.2d 557 [1980]). Only after movant's prima facie showing does the burden shift to the opposing party to demonstrate the existence of a factual dispute sufficient to require a trial of the matter. *(De Lourders Torres v Jones,* 26 N.Y.3d 742 [2016]).

The predicate 14-day Notice dated June 22, 2022 demands:

> "PLEASE TAKE NOTICE that you are hereby required to pay to 448-452 WEST 57 ASSOCIATES, L.L.C., landlord of the above described Premises, the sum of $14,950.00 for rent of the premises as follows:
>
> JUN 22 $2,700.00
> MAY 22 $2,700.00
> APR 22 $2,700.00
> MAR 22 $2,700.00
> FEB 22 $2,700.00
> JAN 22 $1,450.00" *(NYSCEF Doc. 1, p.3).*

The Petition dated August 3, 2022, provides in pertinent part:

> "2. Respondent(s) PETER GHALI is(are) tenant(s) in possession of said premises pursuant to a(n) WRITTEN lease agreement wherein respondents promised to pay to landlord or landlord(s) predecessor as rent $2,700.00 each month in advance on the 1ST day of each month…
>
> 6. Pursuant to said agreement there was due from respondent tenant(s), the sum of $14,950.00 in rent and additional rent as follows:
>
> JUN 22 $2,700,00
> MAY 22 $2,700.00
> APR 22 $2,700.00
> MAR 22 $2,700.00
> FEB 22 $2,700.00
> JAN 22 $1,450.00…" *(NYSCEF Doc. No 1, p. 1).*

Respondent states that he never executed a rental agreement with the Petitioner for $2700.00 and that his last renewal lease was for $2000.00 per month. *(NYSCEF Doc. No. 25).* He argues that because there was no lease in effect at commencement of this proceeding, Petitioner was precluded from commencing this proceeding and the Petition should be dismissed.

Petitioner opposes first arguing that Respondent did not raise the lack of a rental agreement in his Answer and therefore may not move for summary judgment on a defense not specifically raised. *(NYSCEF Doc. No. 30).*

Courts have held:

> "Defendants' failure to plead the affirmative defense of waiver in their answer did not preclude them from asserting such defense for the first time on summary judgment, since '[t]here is no prohibition against moving for summary judgment based on an unpleaded defense where the opposing party is not taken by surprise and does not suffer prejudice as a result'(*Arteaga v City of New York*, 101 AD3d 454, 454, 956 NYS2d 9 [1st Dept 2012]; *see Brill & Meisel v Brown,* 113 AD3d 435, 435, 979 NYS2d 283 [1st Dept 2014]" *Matthew Adam Props., Inc. v United House of Prayer for All People of the Church on the Rock of the Apostolic Faith,* 126 AD3d 599, 600 [1st Dept 2015].

2

[* 2]

The Court finds Petitioner's claims of prejudice unavailing and further, while not raised in the initial Answer, Respondent's Verified Amended Answer, filed in response to the Amended Petition, does raise this as his first defense. (*NYSCEF Doc. No. 40*).

Petitioner then argues that a non-payment proceeding may be maintained even in the absence of a lease agreement for the monies sought. Citing *428 E. 66th St., LLC v Meirowitz*, 12 Misc 3d 141[A], 2006 NY Slip Op 51364[U] [App Term 2006], Petitioner asserts "all that is required is that there be *some* agreement for rent at the time of the commencement of the proceeding." Petitioner states that a lease renewal for $2700 was offered to Respondent but that he refused to execute same. (*NYSCEF Doc. No. 29*).

In *Meirowitz*, the Appellate Term held that, in that instance, the absence of a lease, was not necessarily a bar to the proceeding. In affirming the lower court's award of a possessory judgment to the landlord after a jury trial, the Court held:

> "the parties' impasse over the lease terms was fueled, in large part, by the tenant's meritless claim of entitlement to use of the building's backyard area (*see Meirowitz v DHCR*, 28 A.D.3d 350, 814 N.Y.S.2d 56 [2006]), the absence of a formal lease agreement during the relevant time period should not work a forfeiture of landlord's right to pursue its rent claim via a summary proceeding (*cf. Haberman v Singer*, 273 A.D.2d 177, 710 N.Y.S.2d 64 [2000]). Nor does the record establish that landlord wrongfully withheld a lease or was 'manipulating the tenant with the tenant's ultimate inability to satisfy a judgment and consequent eviction in mind'(*Haberman v Singer*, 3 A.D.3d 188, 771 N.Y.S.2d 505 [2004]" *Id.* at 141A.

Even if the question of why there is or isn't a current lease in effect presents a triable issue of fact per *Meirowitz*, the Court finds that this proceeding is irreparably defective and must be dismissed.

> "A nonpayment proceeding may only be maintained to collect rent owed pursuant to an agreement between the parties, express or implied, and here petitioner failed to meet its burden to establish the existence of an agreement with respondents to pay the rent and other charges demanded in the petition (*see West 152nd Assoc., L.P. v. Gassama*, 65 Misc 3d 155[A], 119 N.Y.S.3d 801, 2019 NY Slip Op 51926[U][App Term, 1st Dept 2019]). Although the petition alleged the existence of a written lease between the parties, petitioner admitted at trial that it was not in possession of any proprietary lease, share certificate, transfer agreement or other direct evidence of any lease agreement with respondents Michael Dezertzov and Neomi Dezertzov." *6 W. 20th St. Tenants Corp. v Dezertzov*, 75 Misc 3d 135[A], 2022 NY Slip Op 50529[U], *1-2 [App Term 2022].

Here the Petition pleads specifically that the Respondent is a tenant pursuant to a written rental agreement with a monthly rent of $2,700.00 per month. Petitioner annexes the last lease between the parties as "Exhibit A" to the opposition. (*NYSCEF Doc. No. 31*). This lease was for a one-year term commencing September 2020 and August 31, 2021, at a monthly rent of $2000.00 per month. Petitioner concedes that it mistakenly thought Respondent's purported refusal to sign the renewal lease made him liable for the higher rent, and that it erroneously sought $2700.00 per month in this proceeding without a formal agreement to pay same. (*NYSCEF Doc. Nos. 29-30*).

Nevertheless, and without an agreement, express or implied, to pay the $2700.00 claimed due, Petitioner demanded payment of same not only in the Petition but in the 14-day rent demand.

CPLR 409(b) provides in pertinent part:

[* 3]

"(b) Summary determination. The court shall make a summary determination upon the pleadings, papers and admissions to the extent that no triable issues of fact are raised. The court may make any orders permitted on a motion for summary judgment."

A written rent demand is a necessary predicate to commencement of a summary non-payment proceeding. (see, RPAPL § 711) A proper rent demand must satisfy the statutory requirements of RPAPL §711(2) and provide a tenant notice "of the particular periods for which rent and other charges were due and the approximate good faith amount claimed for each such period…" *Almark Holdings Co., LLC v. Pizza147 NY LLC*, 2022 N.Y. Misc. LEXIS 7646 [App. Term 1st Dept. 2022]. A predicate notice, however, is incapable of amendment and an improper demand may serve as a basis for dismissal. (*Chinatown Apts., Inc. v Chu Cho Lam*, 51 NY2d 786 [1980]).

Here, Petitioner concedes its written demand for $2700.00 per month was improper. The 14-day demand is therefore defective, and the proceeding must be dismissed.

Accordingly, and pursuant to CPLR 409(b) the Petition is dismissed without prejudice.

This constitutes the Decision and Order of this Court.

Date: ___4/15/2024_____

HON. TRACY FERDINAND
JUDGE, HOUSING COURT

_____
Judge, Civil/Housing Court