Matter of 5400 Co. v New York State Div. of Hous. & Community Renewal (2024 NY Slip Op 02581)

Matter of 5400 Co. v New York State Div. of Hous. & Community Renewal

2024 NY Slip Op 02581

Decided on May 09, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 09, 2024

Before: Manzanet-Daniels, J.P., Kapnick, Gesmer, Rodriguez, JJ. 

Index No. 800315/23 Appeal No. 2256 Case No. 2023-04702 

[*1]In the Matter of 5400 Company, Petitioner-Appellant,
v
New York State Division of Housing and Community Renewal, Respondent-Respondent. 5400 Fieldston Road Association, Intervenor-Respondent.

Sidrane, Schwartz-Sidrane, Perinbasekar & Littman, LLP, Rockville Centre (Arun Perinbasekar of counsel), for appellant.
Mark F. Palomino, New York (Russell Cirincione of counsel), for New York State Division of Housing and Community Renewal, respondent.
Collins, Dobkin & Miller, LLP, New York (Seth A. Miller of counsel), for 5400 Fieldston Road Association, respondent.

Order and judgment (one paper), Supreme Court, Bronx County (Paul L. Alpert, J.), entered July 5, 2023, denying the petition to annul the determination of the New York State Division of Housing and Community Renewal (DHCR), dated November 7, 2022, which affirmed the Rent Administrator's order finding that a parking garage in a building was commonly owned and therefore subject to the Rent Stabilization Law and Rent Stabilization Code, unanimously affirmed, without costs.
DHCR had a rational basis for finding that the parking service was ancillary and required, due to the common ownership of the building and the parking garage (see Matter of Netherland Operating Corp. v Eimicke, 135 AD2d 352, 352 [1st Dept 1987]; see also Matter of Llorente v New York State Div. of Hous. & Community Renewal, 16 AD3d 105, 105 [1st Dept 2005]; Matter of Mid-State Mgt. Corp. v New York City Conciliation & Appeals Bd., 112 AD2d 72, 75 [1st Dept 1985], affd 66 NY2d 1032 [1985]). "The question of what constitutes a required service and whether such service is being maintained is a factual issue to be determined by DHCR" (Matter of Classic Realty v New York State Div. of Hous. & Community Renewal, 298 AD2d 201, 202 [1st Dept 2002] [internal quotation marks omitted]). DHCR rationally found that the record supported a finding of common ownership of the parking garage because the superintendent, employed by petitioner, was simultaneously the owner of the parking service, operated as a limited liability corporation (LLC). Thus, DHCR affirmed the Rent Administrator's finding that an indirect ownership arrangement existed pursuant to Rent Stabilization Code (9 NYCRR) § 2520.6(r)(4)(xi).
Petitioner failed to submit evidence that the LLC was properly incorporated or was licensed to operate a parking garage. Petitioner also failed to present any lease or other written agreement demonstrating independent ownership of the parking garage. Additionally, DHCR notes that a rent check from the LLC to petitioner included the notation "[m]inus the 2000 that comes out my check [sic] every month," indicating petitioner's indirect ownership of the parking service given the superintendent's employment status. Finally, the rent ledger submitted by petitioner showed only one payment of $1,300 during a four-month period from November 1, 2016 to March 1, 2017, during which the ledger showed a monthly commercial rent of $3,250, indicating that a true landlord-tenant relationship did not exist.
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 9, 2024